C. W. AMENT v. J. P. GREER, *as Administrator of the estate of E. J. Cady.*

1. EXECUTION — *Levy on Mortgaged Chattels — Possession by Mortgagee.* Where the mortgagor of chattels has the right to the possession of the mortgaged property until default, and before default an execution against him and in favor of a third person is levied by an officer upon the property, the levy attaches to and covers only the interest of the mortgagor, and the mortgagee, after default, has the right to take the possession of the property as against the officer.

2. REPLEVIN *by Mortgagee.* And in such a case, where the mortgagee after default demands the property from the officer, and the officer refuses to surrender the same, the mortgagee may then maintain an action of replevin against the officer for the recovery of the property, although the mortgagee never demanded of the mortgagor that he should fulfill his contract.

3. ———— *Replevin; Redelivery Bond.* And in such a case the mortgagee may maintain his action of replevin, although prior to the commencement thereof a holder of a subsequent chattel mortgage replevied the property from the officer, and the officer regained the possession thereof by giving a redelivery bond.

*Error from Shawnee District Court.*

REPLEVIN by *Ament* against *Cady.* Judgment for defendant, at the January Term, 1886. The plaintiff brings the case here. The material facts appear in the opinion.

*Welch & Welch,* for plaintiff in error.

*J. P. Greer,* and *Thomas Archer,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by C.W. Ament on May 5,1885, before a justice of the peace of Shawnee county, against E. J. Cady, to recover the possession of a certain roan mare, about six years old. Judgment was rendered in the justice's court in favor of the plaintiff, and the defendant appealed to the district court, where the case was tried before the court without a jury, and judgment rendered in favor of the defendant and against the plaintiff; and the plaintiff, as plaintiff in error, brings the case to this court for review.

The facts of the case, briefly stated, are substantially as follows: The mare in controversy belonged originally to David Brizendine, who, on March 26, 1885, mortgaged her to C. W. Ament, the plaintiff, to secure a debt of $100, due in thirty days; and the mare was to remain in the possession of Brizendine until default. On the next day Brizendine mortgaged the same mare to Mrs. N. J. Rankin, who, through her agent, had full knowledge of the first mortgage, to secure a debt to her; and this second mortgage was deposited in the office of the register of deeds on the same day. Also, on the same day, a judgment was rendered in favor of Mrs. Elizabeth Greer, against Brizendine, for $110.75, and $9.45 costs. On April 14, 1885, Ament's mortgage was deposited in the office of the register of deeds. On April 16, 1885, an execution was issued on Mrs. Greer's judgment, and on the same day it was levied on the mare in controversy by E. J. Cady, as constable, and the mare was taken into his custody. On April 25,1885, Ament's mortgage became due, and default was made in the payment thereof. On May 1,1885, Mrs. Rankin commenced an action of replevin in the superior court of Shawnee county, against Cady, for the recovery of the mare; and on May 5, 1885, Cady gave a redelivery bond, and retained the possession of the mare. Afterward, but on the same day, Ament demanded the mare from Cady, claiming her under his chattel mortgage, but Cady refused to surrender her to Ament; and afterward, but on the same day, Ament commenced this

action of replevin against Cady to recover the mare, and by this means obtained the possession of her. No part of the mortgage debt due from Brizendine to Ament had yet been paid. On May 12, 1885, judgment was rendered in the justice's court in favor of Ament; and on May 18, 1885, Cady appealed to the district court; and on March 15, 1886, judgment was rendered in that court in favor of Cady, and against Ament, for the return of the mare, or for her value, $100, and costs of suit; and Ament, as plaintiff in error, brings the case to this court for review.

We know of no good reason why the plaintiff, Ament, should not recover in this action. It is true that Cady, the constable, had the right to levy upon the mare at the time when he did so levy, for at that time Brizendine had the rightful possession of the mare, and Ament's mortgage was not yet due; but Cady could not obtain by his levy any higher right, title or interest in or to the mare than Brizendine had. Cady's right was simply Brizendine's right, and was subject to Ament's right; and before Ament commenced this action Brizendine's right, with respect to the possession of the mare and as against Ament, had wholly terminated, and Ament's right had become absolute, except that Brizendine, or Cady, or Mrs. Greer, might at any time have paid Brizendine's debt to Ament, and thereby have extinguished Ament's right to the property, and have revived the right of Brizendine, or of those claiming under him, thereto. Also, Brizendine and those holding under him had the right, without paying the debt to Ament, to compel him to sell the mare. Until such payment should be made, however, Ament's right to the possession of the mare would be paramount to the right of any of the other persons named; and such debt was not in fact paid when this action was commenced. During the trial of this case there was some evidence introduced over the objections of the plaintiff, tending to prove that the aforesaid debt had been paid after the commencement of this action. This evidence, however, was outside of the issues in the case, and therefore not properly received. If it was really believed by the defendant that such debt had

in fact been paid, he should have filed a pleading setting up such payment, and thereby have tendered an issue with respect thereto, and if the defendant had then proved such payment the plaintiff should have recovered only his costs in the action; but it is unnecessary to comment further with respect to this matter.

It is also true that prior to the commencement of this action Mrs. Rankin had replevied the mare in controversy, and that Cady held the mare under a redelivery bond, as well as under the execution issued on Mrs. Greer's judgment; but that cannot affect this case in the least, for Mrs. Rankin's right to the possession of the mare was also inferior and subordinate to Ament's right of possession. The fact that the mare was in litigation in an action in which Ament was not a party, and had no interest, cannot affect Ament's right to the property. It certainly cannot make the slightest difference to Ament whether Mrs. Rankin or Cady shall recover in Mrs. Rankin's action of replevin, for Ament's claim is independent of and paramount to theirs.

It is unnecessary to discuss any of the other questions presented by counsel.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.