Easter v. Traylor.

*Error from Miami District Court.*

THE opinion states the case.

*Carroll & Sheldon,* and *Metcalf & Metcalf,* for plaintiff in error.

*John C. Sheridan,* for defendant in error.

| 41 | 493 |
| 49 | 278 |
| 41 | 493 |
| 56 | 122 |
| 41 | 493 |
| 58 | 365 |

JAMES H. EASTER v. J. G. TRAYLOR, *as Clerk of the District Court of Lyon County.*

1. REPLEVIN — *Duty of Clerk of District Court — Intoxicating Liquor.* Under the civil code, §§ 177, 178, providing that 'in an action of replevin upon the filing of a bond and affidavit by the plaintiff as therein specified it shall be the duty of the clerk to issue an order for the delivery of the property to plaintiff, the duty of the clerk is purely ministerial, and he is not excused from issuing such order upon compliance with the requirements of said sections by the fact that the property is intoxicating liquor, and that the action is against the sheriff, who has seized it under criminal process.

2. ———— *No Excuse for Refusing to Issue Writ.* Nor is the fact that the clerk has been enjoined from issuing such order in any action that might be brought for the recovery of the liquors, in proceedings on behalf of the state to which the plaintiff in replevin was not a party, any excuse for refusing to issue it.

## Original Proceeding in Mandamus.

THE opinion, filed at the session of the court in May, 1889, contains a sufficient statement of the facts.

*C. N. Sterry,* and *J. Jay Buck,* for plaintiff.

*L. B. Kellogg,* attorney general, and *A. M. Flory,* county attorney, for defendant.

*Per Curiam:* This is an action of *mandamus,* brought originally in this court by James H. Easter against J. G. Traylor, clerk of the district court of Lyon county, to compel the defendant to issue an order of delivery in a replevin action brought in the district court of that county by Easter against Waldo Worster, the sheriff of that county, for the recovery of certain personal property. The property in question is forty-five barrels and sixty-two cases of bottled beer. The defendant Traylor in his return to the alternative writ of *mandamus,* answers that the property in question is and was in the custody of the said Waldo Worster, sheriff of Lyon county; that the same had been previously seized by him in a criminal action, wherein the state of Kansas was the plaintiff and R. P. Hill, Charles Harris, J. G. Birchfield and Richard Walker were the defendants, and wherein the defendants were charged with selling and keeping for sale intoxicating liquors in violation of law; and the defendant Traylor further answers that he was, in an action brought by A. M. Flory, county attorney of Lyon county, in the name of the state of Kansas, against himself, Traylor, and the said Worster, enjoined by the judge of the district court from issuing to any person any order of delivery in any action of replevin for the recovery of the property in question. There is no pretense or claim that Easter was a party to any of these pro-

ceedings. The clerk of the district court is purely a ministerial officer, and whenever an action of replevin is brought, and in such action the proper affidavit for an order of delivery and the proper undertaking are filed in the clerk's office, it is the clerk's duty to issue the order of delivery. (Civil Code, §§ 177, 178.) If the defendant in the replevin action has any defense or defenses, it is for him to set them up in that action; and he may set up as many defenses as he may have. Intoxicating liquors are not contraband nor outlawed in this state. They are still property in legal contemplation, and may be legally manufactured and sold for certain purposes, and may be legally used for almost any purpose for which intoxicating liquors may ever be used. That the property was and is now in the custody of the sheriff, and in one sense in the custody of the law, is no defense to the clerk in refusing to issue the writ of replevin. He must obey the law. And the law requires him to issue it. In numerous cases it has been held by this court that such a defense as the above would not even in the replevin action be a good defense to the officer having the custody of the property. Among the cases, see *Ament v. Greer*, 37 Kas. 648. Neither is the order of the district court enjoining the clerk from issuing the writ of replevin any defense to the clerk in this action. Easter certainly has a right to his writ of replevin notwithstanding that order, and notwithstanding anything that has been shown or claimed in this case.

The peremptory writ of *mandamus* will be allowed.