*In the matter of the Petition of* O. P. MASSEY *for a writ of Habeas Corpus.*

No. 10406.

REPLEVIN AGAINST OFFICER—*Refusal to Deliver Property.* Where a warrant is issued against A., on a charge against him of maintaining a nuisance at a place therein described, in violation of the prohibitory liquor law, and the officer having such warrant arrests A., and seizes the property at the place named, as being used for the purpose of maintaining a nuisance, B. may maintain an action of replevin before another court of competent jurisdiction against the officer for the purpose of determining his right to the property, and the officer, having possession of the property, is liable to commitment as for a contempt, if he refuses to deliver the property in obedience to the order of the court before which the action of replevin is pending.

*Original Proceeding in Habeas Corpus.*

APPLICATION by O. P. Massey for a discharge on *habeas corpus.* The opinion, filed November 9, 1895, states the material facts.

*O. G. Eckstein,* and *Kos. Harris,* for petitioner.

*F. B. Dawes,* attorney general, *A. A. Godard,* and *W. P. Campbell,* for respondent.

The opinion of the court was delivered by

ALLEN, J. : The petition in this case shows that the petitioner is marshal of the city of Wichita ; that a complaint was duly filed in the police court charging Henry Schnitzler, William Schnitzler, James Burns and Henry Billman with keeping a nuisance in violation of the prohibitory liquor law. A warrant was thereupon duly issued, and under it the petitioner arrested the parties, and seized certain personal property, consisting of beer, whisky, bottles, tables, and other articles found in the place described in the warrant as kept by the defendants. Afterward the Citizens'

Social Club of Wichita, a corporation, commenced a civil action before G. W. C. Jones, Esq., a justice of the peace of Wichita, to recover the property seized, which it claimed to own. A summons in replevin was duly issued by said justice, and placed in the hands of a constable. The petitioner refused to deliver the property to the constable. He was thereupon cited before said justice to answer as for a contempt in failing to deliver the property to the constable. He appeared and made answer justifying his refusal, on the ground that he had seized the property in the manner above stated, and held it subject to the order of the police court, and that the criminal prosecution against the parties named in the warrant was still pending. The justice thereupon ordered that the petitioner deliver the property to the constable, or stand committed until he comply with the order. The petitioner refused to deliver the property, and was thereupon committed to jail by the constable. He now asks this court to discharge him under a writ of *habeas corpus*. This can only be done if the justice of the peace was without power to make the order. Section 69 of the act regulating procedure before justices of the peace expressly gives a justice power to commit any person having the possession of property sought to be recovered in an action of replevin who refuses to deliver it to the officer serving the process. The contention of the petitioner is that, as this property was seized under paragraph 2544 of the General Statutes of 1889, and held subject to the order of the court, it was in the custody of the law and could not be replevied. Cases from Maine, Massachusetts and Iowa are cited in support of this position. We find, however, on an examination of those statutes, that provision is made for giving public notice of the seizure of the property. Any person claim-

ing the property may have a hearing and his rights determined by the court before which the case is pending. No such provision is made by the statutes of this state, and, as police courts have no civil jurisdiction, if the marshal can retain possession of the property as against a person other than the one against whom the warrant was issued, and destroy the same in pursuance of the order of the court, the rights of one person will be determined in an action against another without any opportunity of having his day in court. The constitution guarantees to every person a remedy by due course of law for injury to person or property. This unquestionably means the right to a day in court. The cases of *Easter v. Traylor*, 41 Kan. 493, and *Ament v. Greer*, 37 id. 648, declared rules decisive of this case against the petitioner. While it is a valid defense in the action of replevin that the property in controversy was kept for the purpose of maintaining a nuisance in violation of the prohibitory law, either by the plaintiff or other persons, with its knowledge and consent, the plaintiff has a right to prosecute the action and to try the question before the court, whether the property was so kept and used or not.

The prayer of the petitioner for a discharge is denied.

All the Justices concurring.