Collingsworth v. Bell.

T. W. Collingsworth v. J. M. Bell, *as Sheriff of
Franklin County.*

No. 8037.

1. Chattel Mortgage—*Fraudulent Sale by Mortgagee—Rights
   of Buyer.* A sale by a mortgagee of chattels worth much more
   than the mortgage debt, fraudulently made to a vendee participa-
   ing in the fraud, for the purpose of defeating creditors of the mort-
   gagor and depriving them of any benefit from the surplus over
   the mortgage debt, conveys no title, and such fraudulent vendee
   has no standing in court to assert a claim against a sheriff who
   has attached the goods at the suit of creditors of the mortgagor.

2. ———— *Res Judicata.* An adjudication of the validity of the
   plaintiff's mortgage is not an adjudication of the validity of the
   title of his vendee to whom he afterward conveys the property for
   the purpose of defrauding creditors of the mortgagor.

*Error from Franklin District Court.*

The plaintiff in error brought this action to recover
the value of a stock of merchandise, which he alleges
belonged to him, and was taken by the defendant from
his possession. The defendant answered, denying the
allegations of the petition, and alleging that he was
the sheriff of Franklin county, and that as such he
took possession of the goods mentioned in the plain-
tiff's petition under four several orders of attachment
duly issued against the property of Rankin Bros.;
that the goods so taken were the property of said
Rankin Bros.; that the claim of title thereto by the
plaintiff was fraudulent, and made for the purpose of
assisting Rankin Bros. to defraud their creditors; that
Rankin Bros. were insolvent; that whatever claim the
plaintiff had to the goods he obtained from one J. W.
Rankin, a member of the firm of Rankin Bros., who
was in collusion with the plaintiff and his copartners
in their attempts to cheat and defraud their creditors;
that J. W. Rankin was jointly liable with the other

members of the firm of Rankin Bros. to the plaintiffs
in the attachment suits for the full amount of their
claims ; that, notwithstanding his liability, said J. W.
Rankin took from the firm of Rankin Bros. a pretended
chattel mortgage upon the stock of goods for $3,000 ;
that on or about the 5th day of July, 1889, he pre-
tended to convey to the plaintiff his claim to the goods,
and that the plaintiff took no other or greater rights
to the goods than J. W. Rankin had ; that the pre-
tended chattel mortgage was wholly void, and that the
plaintiff took nothing by the pretended conveyance of
the goods to him.   To this answer an unverified reply
containing a general denial was filed.   On the trial
the plaintiff obtained leave, after the introduction of
certain records, to amend his reply.   In this amend-
ment it is alleged that the merchandise described in
the petition was a part of the identical stock of goods
described in the petition filed by J. W. Rankin in a
certain cause commenced by him in that court against
the defendant herein ; that the cause of action set
forth in that petition was the same as the cause of
action set out in this, and that the same defense was
alleged in the answer in that case as in this, and the
issues therein in all respects the same ; that the
plaintiff herein claims title to the goods under a con-
veyance thereof by J. W. Rankin to him under the
mortgage ; that said action was duly tried on the 31st
day of October, 1889, before said court, and a judg-
ment rendered therein in his favor.   On the trial the
plaintiff offered evidence tending to show that he was
in possession of the goods under a sale to him by S.
W. Rankin, acting as the agent of the mortgagee, J.
W. Rankin.   A note for $3,000, dated June 24, 1889,
due January 1, 1890, executed by Rankin Bros. to J.
W. Rankin, and a chattel mortgage on the goods in

question of the same date, were also read in evidence. There was also evidence tending to show that the firm of Rankin Bros. consisted of J. E. and J. H. Rankin, who were sons of the mortgagee. The plaintiff claims title to the goods under a bill of sale, which reads as follows :

" WELLSVILLE, KAN., July 6, 1889.

" Know all men by these presents, that I, the undersigned, have this day sold and delivered to T. W. Collingsworth the goods, wares and merchandise now remaining in the storeroom lately occupied by Rankin Bros., in Wellsville, Kan., held by me under a chattel mortgage, in consideration of certain lands in Finney and Kearny counties, Kansas, this day conveyed to me by said T. W. Collingsworth and wife. In case said T. W. Collingsworth should not be able to hold said goods, I am to reconvey to him said lands, and make good to him any expenses he may be put to in defending said goods. An estimate and invoice of the above-mentioned merchandise is hereto attached.

JOHN W. RANKIN,
By Wallace Rankin, for Mortgagee.

" Witness : T. J. Gregory."

The principal part of the testimony introduced by the defendant was for the purpose of showing that the sale to Collingsworth was a sham, and that the whole transaction between him and S. W. Rankin was for the purpose of aiding Rankin Bros. in defrauding their creditors. The court instructed the jury that if they found from the evidence that the sale was made for the purpose of hindering or defrauding the creditors of Rankin Bros., and Collingsworth knew it, then the sale was wholly void as against the creditors, and their verdict should be for the defendant. The jury rendered a verdict in favor of the defendant, and judgment was given accordingly. The plaintiff brings the case here. The opinion was filed January 11, 1896.

*John W. Deford,* and *J. F. Frankey,* for plaintiff in
error.

*C. A. Smart,* and *H. P. Welsh,* for defendant in error.

The opinion of the court was delivered by

ALLEN, J. : The position taken by counsel for plain-
tiff in error is, that the validity of the mortgage to
J. W. Rankin was fully established, and was assumed
by the court in the instructions to the jury, and this
being so, the right of the mortgagee to hold possession
of the goods himself, or to transfer them to whom-
soever he pleased and for whatsoever consideration,
was absolute, and could not be challenged on the
ground of fraud by the creditors of Rankin Bros. ;
that, as against the mortgagee, Rankin Bros. had no
attachable interest in the property, and that their
creditors had no standing for an attack on the validity
of any transfer of the property the mortgagee might
see fit to make. In support of this position, author-
ities are cited to the effect that the mortgagee of chat-
tels has the legal title thereto, and, after condition
broken, may maintain an action to recover the posses-
sion thereof against an officer holding writs of attach-
ment or execution against the mortgagor. (*Ament v.
Greer,* 37 Kan. 648 ; Jones, Ch. Mortg. § 1.) It is in-
sisted that under any view of the evidence in this case
the plaintiff had succeeded to all the rights of the
mortgagee, that he was in possession of the property,
and that the defendant therefore could not acquire any
right to the possession of the property by virtue of
writs against Rankin Bros., the mortgagors. It is
also contended that the judgment in the former case,
between J. W. Rankin and the defendant Bell, was an
adjudication between the parties affirming the validity

of Rankin's mortgage ; that the plaintiff is a privy of Rankin, and that the defendant cannot, in this action, question the validity of the mortgage ; that the validity of the mortgage being established, the law does not permit an inquiry into the good faith of the mortgagee in dealing with the mortgaged property. There is much plausibility in the argument, but it is not sound. Although the legal title to mortgaged chattels and the right of possession after condition broken vest in the mortgagee, that title is not a full and absolute title, but is still subject to the equitable rights of the mort-gagor, and whatever surplus remains of the mortgaged chattels after satisfaction of the debt is an asset of the mortgagor to which his creditors have a right to look for the satisfaction of their claims. A fraud may be committed by the parties to the mortgage and a purchaser buying from the mortgagee, as against creditors of the mortgagor. If it were not so, a mortgage for a trifling sum on a large stock of goods might be used as a means for perpetrating the grossest kind of a fraud on creditors. Although the precise question now presented has not been heretofore decided by this court, we think the principle has been clearly recognized in several cases. In *Wygal v. Bigelow*, 42 Kan. 477, it was held that a mortgagee of chattels might become a purchaser at a sale under the mortgage, but that in making the sale he must act fairly and in good faith, and that a fraudulent sale would not extinguish the mortgagor's right, but would render the mortgagee, if he afterward converted the property to his own use, liable to account to the mortgagor for the full value of the mortgaged property. It was said in the opinion :

"The mortgagee has no right by any unfairness to sacrifice the property and deprive the mortgagor of

the surplus over the debt which by a fair and honestly-conducted sale might arise. . . . The defendants were entitled to have a fair and *bona fide* sale.''

See, also, *Jones v. Franks,* 33 Kan. 497 ; *Denny v. Van Dusen,* 27 id. 437.

The stock of goods claimed by the plaintiff consisted of a great many articles, and might have been sold either piece by piece or in separate lots. The value as claimed by the plaintiff largely exceeds the amount of the mortgage debt. Under such circumstances, the mortgagee might have realized enough to pay his claim out of a portion only of the goods. In such case the remainder of the stock would have been liable to attachment for the debts of the mortgagors. We are very clear that a legal fraud can be committed by the mortgagee and participated in by the purchaser from him against the rights of creditors of the mortgagor. Assuming, then, that the judgment in the prior action between Rankin and Bell is an adjudication of the validity of Rankin's mortgage, we still think that such a fraud might be committed in the disposition of the mortgaged goods as would absolutely defeat the plaintiff's claim. In this action it is not enough for the plaintiff to show that the property was not subject to attachment. He asks affirmative relief, and he bases his right to that relief on a transaction which the jury has found to be fraudulent. However weak the defendant's title may be, the plaintiff's fraud defeats his claim.

The judgment is affirmed.

All the Justices concurring.