ELIZABETH D. BAXTER, RESPONDENT, *v.* KATE M. HAMILTON, ET AL., APPELLANTS.

[Submitted Nov. 17, 1897.   Decided Dec. 1, 1897.]

*New Trial—Insufficient Evidence—Amendment of Answer— Discretion—Handwriting, proof of—Rules of Evidence, Changing— Constitutionality.*

1. NEW TRIAL—*Insufficient Evidence.*—An order denying a motion for a new trial will not be reversed, when the record shows a substantial conflict in the evidence.
2. AMENDMENT OF ANSWER—*Discretion.*—There is no abuse of judicial discretion in refusing to amend an answer by pleading the statute, which motion is made at the close of the testimony.
3. HANDWRITING—*Proof of.*—Under Sections 3234 and 3235, Code of Civil Procedure, where the question at issue is the genuineness of the signature to a paper, signatures clearly proven to be those of the person whose writing is under investigation, may be used for the purpose of comparison.
4. RULES OF EVIDENCE, CHANGING—*Constitutionality.*—A change in the rules of evidence is not unconstitutional as to case pending—there is no vested right to have a case determined by the existing of evidence. (Section 3455, Code of Civil Procedure, construed.)
5. NEWLY DISCOVERED EVIDENCE.—As a rule courts will not grant a new trial on the ground of newly discovered evidence which merely tends to impeach the credit of a witness at the trial.

*Appeal from District Court, Silver Bow county.   John J. McHatton, Judge.*

ACTION by Elizabeth D. Baxter against Kate M. Hamilton and the Covenant Mutual Benefit Association.   Judgment for plaintiff, and defendant Hamilton appeals.   Affirmed.

Statement of the case by the justice delivering the opinion.

The plaintiff (respondent here) sued the defendant, appellant, Kate M. Hamilton, and the Covenant Mutual Benefit Association of Illinois, to have the said Kate M. Hamilton adjudged trustee for plaintiff, and to hold a certain certificate of life insurance for $2,500, issued by the said defendant the Covenant Mutual Benefit Association of Illinois (in which the defendant is named as beneficiary,) in trust for the plaintiff, which said certificate was originally issued on October 5, 1885, to William Hamilton, and wherein the plaintiff was named as beneficiary.

William Hamilton, on September 13, 1885, applied for membership in the said association, and, in due course of time, had a certificate issued to him, by which the said sum of $2,500 was to be payable, in the event of his death, to his daughter, Elizabeth D. Baxter, this plaintiff and respondent. Hamilton died on February 11, 1894.

In her complaint the plaintiff alleged that about April 15, 1886, the defendant Kate M. Hamilton, who had married the said William Hamilton about that time, for the purpose of cheating and defrauding this plaintiff procured and forwarded to the Covenant Mutual Benefit Association a writing purporting to be a request on the part of William Hamilton to have the beneficiary named in his certificate of insurance changed from Elizabeth D. Baxter, his daughter, to herself, Kate M. Hamilton, his wife, and forwarded also what purported to be the written consent of this plaintiff to the proposed change of beneficiaries; and it is averred that the association in good faith made the change from Elizabeth D. Baxter to Kate M. Hamilton. Plaintiff alleged that this writing, purporting to have been signed by her father, William Hamilton, is a forgery, and that the writing purporting to be her consent to the change of beneficiaries is also a forgery.

The defendant Kate M. Hamilton denied the allegations of forgery and wrong, and averred that the signatures attached to the request for a change of beneficiaries were genuine, and that she was and is entitled to the proceeds of the certificate of life insurance.

There was a trial by a jury, special issues and a general verdict were found for plaintiff.

Defendant moved for a new trial. This was denied. She appeals to this court from the judgment and the order denying her a new trial.

*John W. Cotter*, for Appellant.

The court may, in its discretion, in furtherance of justice, after notice to, or in the presence of the adverse party, allow a pleading to be amended. (Compiled Stat., Code of Civil Procedure, Section 116; Code of Civil Procedure, Section 774; *Palmer* v. *McMasters*, 6 Montana, 169; *Ramsey* v. *Company*, 6 Montana, 498.) Even after the evidence is concluded they may be so amended as to make the issues tried in the evidence conform to the pleadings. (*Wormall* v. *Reins*, 1 Montana, 627; *Palmer* v. *McMasters*, 6 Montana, 169.) More liberality is shown to a defendant in allowing amendments to an answer than other pleadings. (Bliss on Code Pleadings, Section 430.) Statutes of Limitations are statutes of repose, and favorably regarded by the courts. (Wood on Limitations, Section 4.) The statute begins to run upon the discovery of the fraud, or rather from the time it could, with ordinary diligence, have been discovered. (Compiled Stat., Code of Civil Procedure, Section 42; Wood on Limitations, Sections 275-276; 13 Am. and Eng. Ency. of Law, p. 730.) The writings were admitted over defendant's objection on the ground that they were irrelevant, immaterial and incompetent. Plaintiff contended that under the new code, properly identified papers may be used for comparisons, to which offers the defendant objected on the ground that the action was commenced and then pending under the old code, the objection being overruled. "No action or proceeding commenced before this code takes effect, and no right accrued, is effected by its provisions." (Code of Civil Procedure, Section 3455.) Under the law in force prior to the adoption of the code and at the time of the commencement of this action, knowledge

of handwriting by comparison, or comparison of handwritings upon the trial of a cause was not permissible. (*Davis* v. *Fredericks*, 3 Montana, 262.) Under the Code of Civil Procedure, laws of 1895, the rule was changed by the provisions of Section 3235. But if the case comes within the provisions of the Code of Civil Procedure, the writings offered for the purpose of comparison were not admitted or treated as genuine by the defendant, or proved to be genuine. (Trans., p. 40.) It was not shown by the testimony of any witness that the writings were genuine; and, therefore, we believe that they were incompetent. (*Estate of Cartery*, 56 Cal. 470-475.) A paper introduced for comparison cannot be proven genuine by the opinion of a witness. (*Tome* v. *The Railroad Company*, 17 Am. Rep. 540, 59, 60; 1 Wharton Evidence, Sections 709-714; *Hyde* v. *Woolfolk*, 1 Iowa 160;.Rodger's Expert Testimony, pp. 315-316; 1 Rice on Evidence, p. 369.)

Under the law, the deceased had the right to change the beneficiary in the certificate at any time he saw fit, without consulting her. (Niblack on Benefit Societies and Accident Ins., Sections 211-212.) The beneficiary had no vested right in the policy, or in the contract. (Niblack Section 212, citing also same author, Section 219, 221, 226, 223, 213 and 234.) Appellant contends that the court erred in overruling her motion for a new trial on the ground of insufficiency of the evidence and newly discovered evidence, in addition to the errors of law complained of. The rule is well settled that where there is a substantial conflict of the evidence, the appellate court will not disturb the rulings of the lower court on the ground of insufficiency of the evidence to sustain the verdict or findings, or other decision. Appellant contends that the rule is not applicable to this case for the reasons hereinafter set forth. Findings may be tested by the evidence, and if erroneous conclusions are drawn from them the questions may be presented on appeal. (*Sweetser* v. *Dobbins*, 65 Cal. 529; *Hewlett* v. *Pilcher et al.*, 85 Cal. 542, 545.) If it appears to a reasonable certainty that the verdict or decision was wrong upon the evidence, it will be set aside, although there be di-

rect testimony to support it.    (Hayne on New Trial and Appeal, Section 288, p. 866.)    Where the evidence appears to be unworthy of belief, and was sustained by the findings, the Supreme Court may direct a new trial.    (Hayne New Trial and Appeal, Section 288, p. 867; *Branson* v. *Carruthers*, 49 Cal. 381; *Guerrero* v. *Ballerino*, 48 Cal. 121.)    Where the great current of the evidence is against the verdict, the Supreme Court will set it aside, even though there is some evidence to support it.    (*Field* v. *Shorb*, 99 Cal. 661; *Dickey* v. *Davis*, 39 Cal. 565; 16 Am. and Eng. Ency. of Law, 560.)    Where a jury catches at a mere semblance of evidence to find a verdict, it will be set aside.    (*Driscoll* v. *St. Ry. Co.*, 97 Cal. 553.)    The verdict or decision of a jury must have meritorious support.    (*Smith* v. *Belshaw*, 89 Cal. 427.)    The inherent improbability of the plaintiff's statement, that she was requested to sign the consent to a change of beneficiaries, and started but failed to do so, denies it all claim to belief.    (*Mattock* v. *Goughnour*, 11 Montana, 265; 2 Rice on Evidence, p. 788.)    "It is the general concurrence of courts, that the testimony of experts even when admissible is uncertain and unsatisfactory, for an expert is never called as a witness unless his interests and views have been previously ascertained to be with the party calling him."    (*Kelley* v. *Cable Company*, 8 Montana, 449.)    Expert testimony is entitled to little weight, and is of a low degree.    (1 Rice on Evidence, pp. 329, 337, 338; Rogers Expert Testimony, Section 202; *Mut. Ben. Ins. Co.* v. *Brown*, 30 N. J. Eq. 193, 200, 201; *In re Gordon's Will*, 26 Atl. Rep. 268-277; *Kerr* v. *Lemsford*, 2 L. R. A. 668, 676.)    It is much too uncertain, even when only slightly opposed, to be the foundation of a judicial decision.    (*Mut. Ben. Ins. Co.* v. *Brown*, 30 N. J. Eq. 201; 1 Greenleaf Evidence, Section 580, note 4.)    "Opinions with regard to handwriting are the weakest and least reliable of all evidence as against direct proof of the execution of the instrument."    (Rogers Expert Testimony, p. 461; *Justice Grier in U. S.* v. *Darnaud*, 3 Wall. Jr. 143; Rogers Expert Testimony, pp. 160, 161; 2 Rice on Evidence,

p. 799; *U. S.* v. *Pendergast*, 32 Fed. Rep. 198; Rogers Expert Testimony, 462; *In re Foster's Will*, 34 Mich. 21, 25.)

*F. T. McBride*, for Respondent.

The uniform ruling of appellate courts has been that, the exercise of the judicial discretion in the matter of amendment to pleadings will not be reviewed unless there has been an abuse of discretion. (*Billings* v. *Sanderson*, 8 Montana, 201.) During the progress of the trial appellant offered in evidence several genuine signatures of William Hamilton for the purpose of comparison with the contested writing. Appellant having used other signatures of William Hamilton as found upon papers not in evidence in the case for any other purpose than for comparison (p. 101 and 102) is not now in a position to complain that respondent followed the same rule in the introduction of her testimony. The rule followed by the respondent was the correct rule. (Sections 3234, 3235, 3455 and 3482, Code of Civil Procedure; *Marshall* v. *Hancock*, 22 Pac. Rep. 61-62; Same case 80 Cal. 82; see also *Moore* v. *Palmer*, 44 Pac. Rep. 144.) The sufficiency of proceedings taken before the code went into operation must be determined by the law in force then and by no other rule. (*Caulfield* v. *Doe*, 45 Cal. 221, 223; *Hancock* v. *Thom*, 46 Cal. 643.) The evident object of Sections 3455 and 3482 is not to interfere with any vested rights and to render uniform so far as may be the course of procedure in pending proceedings. (*Kelly* v. *Larkin*, 47 Cal. 58; *McMinn* v. *Bliss*, 31 Cal. 122; Bishop's Written Law, Section 179.) Sections 3234 and 3235 relate merely to the remedy, declaring a rule of evidence to govern the courts in the trial of cases and in no sense can they be said to effect any vested right. (*Donner* v. *Palmer*, 20 Cal. 40, 47, 48.) Men are distinguished by their handwriting as well as by their faces for it is seldom that the shape of their letters agree any more than the shape of their bodies. (Buller's *Nisi Prius* 236; 2 Pothier on Obligations 156.) The general rule which admits of proof of handwrit-

ing of a party is founded on the reason that in every person's manner of handwriting there is a peculiar prevailing character which distinguishes it from the handwriting of every other person. (*Strong* v. *Brewer*, 17 Ala. 706, 710.) The handwriting of every man has something peculiar and distinct from that of every other man and is easily known by those accustomed to see it. (Peak's Evidence 102; and see Tichborne's Trial, charge of Chief Justice Cockburn, p. 762.)

Hunt, J.—The most important piece of evidence introduced upon the trial was a paper purporting to be the request of William Hamilton to the Covenant Mutual Benefit Association to change the beneficiary in his certificate from the name of his daughter, Mrs. E. D. Baxter, the plaintiff herein, to that of his wife, Mrs. Kate M. Hamilton.

This paper was signed "William Hamilton," and just below this signature was appended a consent and request to the foregoing change, signed "Mrs. E. D. Baxter."

The witnesses whose names appear on the paper were "John B. Scott" and "Hilma Johnsson."

Upon the trial many genuine signatures of William Hamilton were introduced, and various experts were called to testify by comparison of the genuine writings and the signature upon the request to the Covenant Mutual Benefit Association just above referred to. The plaintiff's witnesses swore that, in their opinions, the signature "William Hamilton" to the request was not genuine; while, on the other hand, witnesses for the defendant testified that they believed it was genuine.

Mrs. Baxter, the plaintiff, positively swore that she had never signed the consent to the change of beneficiaries, and that what purported to be her signature was a forgery.

One of the persons whose name appeared as a witness (John B. Scott) testified positively that he had never signed the paper introduced at all, and that the name "John B. Scott," signed thereto, was not his signature.

The other person whose name appears on the paper as a witness (Hilma Johnsson) said that she had no recollection of

having signed such a paper, although it looked like her writing.

The defendant Mrs. Hamilton swore that Mrs. Baxter had signed the consent in her presence, and that Mr. Hamilton signed the request for the change while witness and Mrs. Baxter were in the room with him.

There were various circumstances and facts introduced by the plaintiff tending to corroborate her version of the facts, but it is not necessary to incumber this opinion with any further statement of the evidence.

The court submitted special issues to the jury, wherein they found that William Hamilton did not sign the paper bearing the name "William Hamilton," requesting a change of beneficiaries in his life insurance; that Mrs. Baxter did not sign the consent to the alleged change of beneficiaries; that the signature "William Hamilton," appended to the paper referred to, was a forgery; and that the signature "Mrs. E. D. Baxter," which appears upon the paper, was also a forgery. It was likewise specially found that William Hamilton did not, in the presence of John B. Scott and Hilma Johnson, sign the paper referred to.

The District Court adopted these findings, and entered a judgment for the plaintiff.

On the motion for a new trial, the court refused to disturb the verdict of the jury.

The case presented is therefore one where there was a radical and substantial conflict in the evidence, and where the lower court has refused to grant a new trial. Therefore this court cannot now disturb the verdict of the jury and the judgment of the District Court upon the ground that the evidence was insufficient to justify the verdict. (*Methodist Church* v. *Rickards*, 16 Montana 70, 40 Pac. 73.) This disposes of the main contention of the appellant.

Objection is made to the refusal of the court to permit the defendant to amend her answer by pleading the statute of limitations. This proposed amendment was based upon the theory that the plaintiff, having acquired an interest in the

benefit to accrue by the certificate of insurance, and having had knowledge of the facts concerning the change of beneficiaries from the year 1886, and having made no objection thereto until after the death of her father, in 1894, was barred of a remedy under the statute.

We do not see exactly how the plaintiff ever could have acquired any interest whatever in the benefit other than a contingent one, which could not vest until after the death of her father, William Hamilton. Furthermore, the jury having found that the plaintiff never signed the consent to the change of beneficiaries at all, and that the signature of William Hamilton was a forgery, any amendment based upon the supposition that he did make the request for the change, and that plaintiff consented to such a change, became immaterial. Again, request to make this amendment was not made until after the close of the testimony in the case, and we see no abuse of discretion on the part of the District Court in refusing to allow it.

Objection was made to the use of certain signatures clearly proven to be the genuine signatures of William Hamilton, for the purpose of comparison with the writing on the request for a change of beneficiaries. Sections 3234 and 3235, Code of Civil Procedure, permitted the introduction of such evidence. (*Marshall* v. *Hancock*, 80 Cal. 82, 22 Pac. 61; *Moore* v. *Palmer* (Wash.) 44 Pac. 144.)

It is also argued that under the law in force prior to the adoption of the code, and at the time of the commencement of this action, knowledge of handwriting by comparison, or comparisons of handwritings, upon the trial of the case, was not permissible. *Davis* v. *Fredericks*, 3 Montana 262, is cited by appellant to support this contention.

Whatever the law may have been prior to the adoption of the new code is not important, for the code provisions control in this case. It is fundamental that a person has no vested right to have a controversy determined by existing rules of evidence. Like other rules affecting the remedy, they are subject to modification and control by the legislature. (Cooley,

Const. Lim. p. 450.) Section 3455 of the new Code of Civil Procedure, providing that no action or proceeding commenced before the new codes took effect, and no right accrued, was to be affected by their provisions, was intended to save vested rights from being interfered with, but did not affect statutes relating merely to the remedy, by declaring that certain rules of evidence should govern the courts in the trial of cases.

The court refused to grant a new trial upon the ground of newly-discovered evidence. Two affidavits upon which defendant relied in this respect were addressed principally to newly-found opinion evidence of two persons that the signature "John B. Scott" on the paper in evidence was genuine. Scott, by counter affidavit, denied the matter in such affidavits. Neither affidavit referred to the signatures of William Hamilton or Mrs. E. D. Baxter, the genuineness or falsity of which were the material issues submitted to the jury.

As a rule, courts will not grant new trials on the ground of newly-discovered evidence, which goes only to impeach the credit of a witness on the trial. (*Leyson* v. *Davis*, 17 Montana, 220, 42 Pac. 775.) On the showing made, we cannot say that the discretion of the District Court was not properly exercised.

The judgment and order appealed from are affirmed.

*Affirmed.*

Buck, J., concurs.