This suit was instituted on the 12th day of August, 1898, in the District Court of Hunt County, by the Texas Midland Railroad, against the Southwestern Telegraph and Telephone Company, to enjoin and restrain said company from erecting and constructing a telegraph and telephone line on the right of way of said railroad. The defendant filed its answer on September 11, 1899, and on November 15, 1899, a trial was had and a judgment rendered by the court denying to plaintiff the injunction as prayed for. From this judgment plaintiff has duly prosecuted this appeal.
The record shows that the telephone company presented its petition to the county judge of Hunt County seeking to have condemned a right of way for the erection and operation of a telegraph and telephone line in Hunt County by the petitioner over the property of defendant. Commissioners were appointed and they, after notice and hearing, made their award, which was duly filed with said county judge on the 8th day of August, 1898. The railroad company filed exceptions to this award, and appealed to the County Court, and said proceedings were still pending at the time of the trial herein.
On September 11, 1899, the telephone company, acting under the Act of the Twenty-sixth Legislature, approved April 15, 1899 (General Laws, 1899, page 105), made a deposit in money in said County Court of the amount of said award subject to the order of said railroad, and also paid all the costs in said condemnation proceedings; and further deposited in money a sum equal to the amount of damages awarded by said commissioners. Said company executed a bond in said condemnation proceedings with two good and solvent sureties, approved by the county judge, conditioned as required by said statute. The telephone company seems to have complied with the requirements of this act authorizing it to enter into possession of the property condemned.
The sole question presented by this appeal is, was the appellee entitled to the remedy provided by this statute?
As the law stood prior to the enactment of this statute, the plaintiff in condemnation proceedings was not entitled to take possession of the property condemned until there had been a final determination of the proceedings in condemnation. See article 4471, Revised Statutes.
By the terms of the Act of the Twenty-sixth Legislature the plaintiff in condemnation proceedings is authorized to take possession of the property pending litigation after the award of the commissioners upon certain conditions: First, it shall pay to the defendant or deposit in money in court, subject to the order of the defendant, the amount of damages awarded by the commissioners, and also pay the costs awarded against it. Second, it shall deposit a further sum of money equal to *Page 200 
the amount of damages awarded by the commissioners in court and shall also execute a bond with two or more good and solvent sureties, to be approved by the judge of the court, conditioned as in said statute is required.
The object of this statute was to provide means, equitable and just to all parties, whereby a person or corporation entitled to exercise the rights of eminent domain could enter into possession of the property condemned upon the commissioners filing their award, without being compelled to await the delay resulting from litigation in case of an appeal from such award.
This statute affects the mode of putting the award into effect, and therefore only affects the remedy. Generally, remedies are held subject to legislative control; and so long as an ample remedy is furnished, the obligation of the contract is not impaired by any change of remedy. Ward v. Hubbard, 62 Tex. 562
[62 Tex. 562].
If, before a final decision, or while a cause is pending upon appeal, the law is changed, the courts will dispose of the case under the law in force when its decision is rendered. Cool., Const. Lim., 469. This principle is recognized in the case of Collins v. Warren, 63 Tex. 315. In that case Mr. Chief Justice Willie, speaking for the court, uses the following language: "The weight of authority seems to be, that without some saving clause contained in the repealing law, remedies existing under the former statute must give way to those provided by the new one."
Mr. Sutherland states, in his valuable work on Statutory Construction, page 630: "If before final decision a new law as to procedure is enacted and goes into effect, it must from that time govern and regulate the proceeding." The following authorities support the above principle. Black, Int. of Laws, 265; Odom v. Garner, 86 Tex. 374; Insurance Co. v. Shearman, 43 S.W. Rep., 931, 1064; Catlin v. Munger, 1 Tex. 600.
The act went into effect August 27, 1899, and the deposits were made thereafter. The statute does not contain any saving clause indicating any intention on the part of the Legislature to make the old remedy applicable to causes then pending. On the contrary, it clearly appears from the terms of the statute that it was the intention of the Legislature to make the statute applicable to condemnation proceedings then pending, as well as to future proceedings.
We conclude the statute applied to condemnation proceedings pending at the time it went into effect, and that the telephone company was entitled to the benefits of the same. Finding no error in the record, the judgment is affirmed.
Affirmed. *Page 201