Greentree v. Wallace.

---

HARRY GREENTREE v. G. W. WALLACE, *as Sheriff, etc.*

No. 15,336.    (93 Pac. 598.)

SYLLABUS BY THE COURT.

1. PRACTICE, SUPREME ·COURT—*Record—Evidence.* A motion to dismiss an error proceeding in this court will not be allowed for the reason that the evidence is not brought up to show there was not an entire failure of proof of some other fact essential to appellant's recovery below, where it appears from the record that the lower court decided the case upon a certain theory of law applied to certain specific facts found which were decisive of its judgment.

2. REPLEVIN—*Intoxicating Liquors—In Custodia Legis.* Where intoxicating liquors and other property are seized upon a warrant issued under the provisions of section 2494 of the

General Statutes of 1901, and are held by the officer who served the warrant pending a hearing under section 2495 of the General Statutes of 1901, the owner cannot maintain an action in replevin against the officer to recover the possession of such property. The property is in the custody of the law, and must there remain until final action is had upon the complaint upon which the seizure was made.

Error from Mitchell district court; RICHARD M. PICKLER, judge. Opinion filed January 11, 1908. Affirmed.

## STATEMENT.

AN information was filed by the county attorney in the district court of Mitchell county, charging one Cleevelin and his wife with the crime of maintaining a common nuisance in violation of the prohibitory liquor law, particularly describing the place. Also, the information charged Cleevelin and wife with keeping large quantities of several specified kinds of intoxicating liquors, in certain specified receptacles, for the purpose of illegal sale. In short, all the usual and necessary averments in such an information were made for the arrest of the Cleevelins and for a search of the premises and the seizure of the articles. A warrant was accordingly issued, the Cleevelins were arrested, and the liquors and articles involved in this action were found on the premises and taken and held by the sheriff.

On August 12, 1905, the plaintiff in error filed his petition in replevin in the same court to recover from the sheriff, Wallace, the liquors and articles seized, alleging that he was the owner and entitled to the immediate possession thereof. The sheriff answered, setting up two defenses: First, a general denial; and, second, that the property was in the custody of the law. Attached as exhibits to the answer were copies of the information and warrant, with the return of the sheriff thereon, and also a copy of a notice issued by the clerk, August 11, 1905, for a hearing as to rights

of property in the articles seized.    To this answer
Greentree replied by a general denial.    Upon the issues
thus formed a trial was had, of which the record re-
cites :

"A jury was waived by the parties and the cause
came on for hearing before the court.    After hearing
the evidence and the arguments of counsel, and being
fully advised in the premises, the court finds that the
defendant herein was, at the time the property de-
scribed in plaintiff's petition was seized, and at the
commencement of this action, sheriff of Mitchell
county, Kansas, and that at the commencement of this
action said property was in custody of said defendant,
as such sheriff, by virtue of a warrant duly issued out
of this court in the case of the State of Kansas against
John W. Cleevelin and Caroline Cleevelin; that said
property consisted of 309 cases of bottled beer, nine-
teen cases filled with empty bottles and two cases par-
tially filled with bottled beer; that the said property
was seized by the said defendant, as such sheriff, and
held by him at the commencement of this action, under
the provisions of sections 2493, 2494 and 2495 of the
General Statutes of 1901, and that the plaintiff has
no right to question said warrant in this action.

"It is therefore considered, ordered and adjudged
by the court that the plaintiff cannot maintain this ac-
tion, and that this case be dismissed, and that the de-
fendant have judgment for costs, assessed at $————."

*C. L. Kagey,* and *R. M. Anderson,* for plaintiff in
error.

*Fred S. Jackson,* attorney-general, *F. J. Knight, Ira
N. Tice,* and *J. E. Tice,* for defendant in error; *Codding
& Marshall,* of counsel.

The opinion of the court was delivered by

SMITH, J.:  The defendant moves to dismiss the ap-
peal here on the grounds that the court below found
the issues in his favor upon evidence and the evidence
is not brought up, only a transcript of the record being
here.    In support of this motion it is said the trial
court found generally in favor of the defendant, and,

for aught the record shows, the plaintiff failed to prove his alleged right of possession to the property, and all reasonable inferences should be indulged to support the judgment.

Had the court simply found the issues in the case in favor of the defendant this rule would be applicable. Not so in this case. The plaintiff asserted his right of possession and the unlawful detention of the property by the defendant; the defendant denied plaintiff's claims generally, and as a special defense asserted that his possession of the property was as an officer of the law, under the order of the court—that the property was *in custodia legis,* and, in support thereof, exhibited the court files in the case of the State of Kansas against John W. Cleevelin and Caroline Cleevelin. The decision of the court was based entirely upon this special defense, and as the plaintiff makes no contention that the facts upon which this defense was based were not supported by the evidence he had no occasion to bring up the evidence. The motion to dismiss is denied.

The question remaining, which determines the case, is whether, under the facts found by the court as to the nature of defendant's possession of the property, the plaintiff could maintain replevin therefor, assuming that the plaintiff had full ownership and the defendant had no personal right thereto. In other words, when the state is proceeding to abate an alleged nuisance in a legal manner, and seizes personal property which from its alleged use constitutes a nuisance, can an owner of the property litigate the right of possession thereto with the sheriff, the arm of the court, and thus forestall a possible order of the court to destroy the property as a nuisance?

We think the trial court correctly answered the question. True, as contended by the plaintiff, section 266 of the civil code (Gen. Stat. 1901, § 4713) assures to either party in an action for the specific recovery of personal property the right of trial by a jury. But the question here involved is not solely one of the right of

possession as between individuals; and, if it were the only question, the above statute would have no higher standing than another statute prescribing a different procedure. Statutes apparently conflicting are to be construed together, and each given effect if possible. Where, as in this case, two entirely different procedures are provided by statute for adjudicating a certain right or claim of right, which procedures are inconsistent and irreconcilable, but where one procedure is general and applicable to a class of claims under many varying circumstances, while the other is specific and applicable only to a specific relation of the parties or to a controversy arising under specific circumstances, the specific procedure should be held applicable in exclusion of the other. The provisions of section 266 of the civil code apply to replevin actions generally. The provisions of section 2495 of the General Statutes of 1901 are specific as to the particular class of property in this action, and the trial there provided for is to determine whether or not the property, as used at the time of the filing of the information, was a common nuisance. The provision is: "All persons claiming any interest therein may appear and answer the complaint made against such intoxicating liquors."

It was held in the case of *In re Massey, Petitioner,* 56 Kan. 120, 42 Pac. 365, that one claiming to own property which had been seized under the provisions of the prohibitory liquor law then in force could "maintain an action of replevin before another court of competent jurisdiction against the officer for the purpose of determining his right to the property." (Syllabus.) This decision was expressly based upon the absence of any provision in the nuisance statute for a hearing as to the rights of property in the court where the criminal action was pending. This omission has since been supplied in the act known as the Hurrel law, enacted in 1901. Moreover, the language copied from the syllabus in the Massey case, *supra,* is misleading. The question in that case was whether the officer who seized

the liquors in the criminal action and had them in his possession was guilty of contempt in refusing to deliver them to another officer, who demanded them under a writ of replevin issued to him by another court, and the decision held him guilty of such contempt. So the decision in that case was not that on the final hearing of his replevin action the owner of the liquors should prevail, as claimed in this case, but that the owner had a right to bring his action and to have the writ issued therein served and obeyed. The words "B may maintain an action," as generally used, mean "B may successfully maintain an action," but such was not the meaning in that case.

As before said, the question involved in this action is not solely the relative rights of the owner and of Wallace, as an individual, to the possession of the property in question. An information had been filed charging that the property, as used, was a common nuisance. A warrant had been issued and the property had, so to speak, been arrested on this charge, and the sheriff, as required by law, was holding it in his custody until such time as the court should determine, under a speedy procedure provided by law, whether the property was, so to speak, innocent and should be returned or whether it was guilty and should be destroyed. It is a proceeding *in rem,* and while it is pending in due and orderly course the owner of the property should not be allowed to intervene, except to "answer the complaint made against such intoxicating liquors," as provided in section 2495 of the General Statutes of 1901. The property was *in custodia legis,* and the proceeding was *in rem.* (*The State v. McManus,* 65 Kan. 720, 70 Pac. 700; *Karr v. Stahl,* 75 Kan. 387, 89 Pac. 669; 17 A. & E. Encycl. of L. 304; 23 Cyc. 298.) The proceeding is due process of law.

The plaintiff urges that the notice of the condemnation proceeding was not properly addressed and not properly served. It should have been addressed to the defendant "and to all persons claiming any interest in

the intoxicating liquors or other property." (Gen. Stat. 1901, § 2495.) It was addressed to the defendant, but the words quoted from the statute were omitted. It was served according to law. We think the words omitted from the address did not render the notice void. It was simply irregular, and there is no showing that the plaintiff did not have actual notice of the time and place of hearing. He is presumed to know the law—that a notice of the time and place of the hearing would be issued within forty-eight hours after the return of the warrant. He knew his goods had been seized, and by whom, as he very promptly commenced his action in replevin therefor. He was bound to know that he was entitled to a hearing before the court without instituting another action. He evidently sought to bring a more favorable form of action. We hold he was not entitled to supersede the proceeding already pending.

The judgment is affirmed.