(128 App. Div. 702.)

### PEOPLE v. CITY OF SYRACUSE.

(Supreme Court, Appellate Division, Third Department. November 11, 1908.)

1. STATUTES (§ 267*)—RETROACTIVE EFFECT—FORMS OF PROCEDURE.

 An act which applies only to forms of procedure and modes of attaining or defending rights can be availed of in an action pending when the act takes effect.

 [Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 350, 351; Dec. Dig. § 267.*]

2. VENUE (§ 2*)—POWER TO REGULATE.

 The Legislature may designate the county in which certain actions shall be tried.

 [Ed. Note.—For other cases, see Venue, Dec. Dig. § 2.*]

3. APPEAL AND ERROR (§ 1107*)—DETERMINATION—EFFECT OF CHANGE IN LAW.

 Where an action against the city of Syracuse, a city of the second class, was brought in Albany county, and after an order granting a motion to change the venue to Onondaga county in which the city was located, because such county was the proper county, had been filed, Laws 1908, p. 1170, c. 392, was passed, providing that all actions against second-class cities should be brought in the county where the city was situated, the order would be affirmed regardless of its original correctness.

 [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4399–4404; Dec. Dig. § 1107.*]

Appeal from Special Term, Albany County.

Action by the People against the City of Syracuse. From an order granting defendant's motion to change the place of trial from Albany county to Onondaga county, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

M. F. Dillon, for the People.
Walter M. Magee, for respondent.

CHESTER, J. The order appealed from grants defendant's motion to change the place of trial from Albany county to Onondaga county on the ground that the latter county was the proper county. One ground assigned for the motion was that the action was one affecting real estate or an interest in real estate within the county of Onondaga. Another ground was that the defendant was a municipal corporation of the county of Onondaga. Under the view I take of this case, it is unimportant to determine whether the action affects real estate or an interest therein within the meaning of section 982 of the Code of Civil Procedure. For a number of years prior to January 1,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

1908, section 461 of the charter for the government of cities of the second class provided that:

"The place of trial of all actions or proceedings against the city or any of its officers, boards or departments, shall be the county in which the city is situated." Laws 1898, p. 438, c. 182, § 461, as amended by section 37, c. 581, p. 1290, Laws 1899.

This provision was omitted in the charter of second-class cities (Laws 1906, p. 1131, c. 473) which went into effect January 1, 1908 (Laws 1906, p. 1194, c. 473, § 231).

It is claimed that this omission was an inadvertence. Whether it was or not it was remedied by chapter 392, p. 1170, Laws 1908, where substantially the same provision was re-enacted as an addition to section 222, c. 473, p. 1190, Laws 1906. The act by which the provision was re-enacted was passed May 20, 1908, and by its terms took effect immediately. The action was commenced in February, 1908, and the motion to change the place of trial was made in April, 1908, both of these dates being before the amendment took effect. The court in deciding the motion wrote no opinion, but stated in the order that the change was made to "the proper county, to wit, the county of Onondaga." Even if the court was wrong at the time in so holding, which we do not need to decide, nevertheless we may sustain the order, as before the trial can be had the Legislature has enacted that Onondaga is the proper county, regardless of the question whether the title to real estate or an interest therein is involved. It is a general rule that an act which applies only to forms of procedure and modes of attaining or defending rights can be availed of in an action pending when the act took effect. Southwick v. Southwick, 49 N. Y. 510, 517; Germania Savings Bank v. Suspension Bridge, 159 N. Y. 362, 54 N. E. 33; Lazarus v. Metropolitan Elevated Railroad Co., 145 N. Y. 581, 40 N. E. 240.

The amendment in question, strictly speaking, does not affect the procedure in the action, but rather the place where the procedure provided by law may be availed of in securing an adjudication upon the rights of the parties, but I see no reason why the question of the place of trial in an action may stand upon any different foundation than a question relating to the procedure or practice which must obtain in the action. The state provides courts in which litigants may have their differences adjudicated upon, and it is as clearly within the legislative power to say that an action against a municipality or any of its officers shall be tried in a court held in the county where the municipality is located as it is to say that an action involving the title to real estate shall be tried in a court held in the county where it is situated. The power of the Legislature to designate the county in which certain actions shall be tried is established by authority. City of Brooklyn v. Mayor, 25 Hun, 612; Getman v. Mayor, 66 Hun, 236, 21 N. Y. Supp. 116; Lyman v. Matty, 35 App. Div. 227, 54 N. Y. Supp. 765. It would be an idle ceremony to reverse this order with leave to renew, for the reason that, when it should be renewed, the Special Term would have to give effect to the amendment, which would result in making the same order as that appealed from.

The case of Czarnowsky v. City of Rochester, 55 App. Div. 388, 66 N. Y. Supp. 931, is not an authority against the conclusion reached. That case simply held that the provision of law in question did not have the effect of abrogating section 982 of the Code of Civil Procedure, providing that actions affecting real property must be tried in the county in which the property is situated. No such question arises here, because, if this action does affect real estate, the real estate affected is in the county of Onondaga where the city of Syracuse is located, while in the Czarnowsky Case the real property affected by the action was in the county of Livingston and the action was brought against the city of Rochester. The court denied the defendant's motion to change the place of trial from Livingston county to Monroe county, thus giving effect to the section of the Code mentioned, and that order was affirmed by the Appellate Division in the case referred to.

The order should be affirmed without costs. All concur.