WALKER et al. v. ALEXANDER.
(No. 8962.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 11, 1919. On Motion for Rehearing, March 1, 1919. On Appellants' Motion for Rehearing, May 10, 1919.)

1. INTEREST ⟐18(2)—REAL ESTATE COMMISSIONS—"OPEN ACCOUNT."

Suit to recover real estate sale commissions is not one upon an "open account," within Vernon's Sayles' Ann. Civ. St. 1914, art. 4978, allowing interest on such accounts.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Open Account.]

2. INTEREST ⟐1—RECOVERABLE.

Interest, as such, cannot be recovered upon fixed amount due under express parol contract, but is recoverable only as damages.

3. APPEAL AND ERROR ⟐58—JURISDICTION—AMOUNT IN CONTROVERSY — INTEREST AS DAMAGES.

Vernon's Sayles' Ann. Civ. St. 1914, art. 1589, subd. 3, giving Court of Civil Appeals appellate jurisdiction in certain cases where amount exceeds $100, exclusive of interest and costs, applies to a real estate commission claim of $100 and interest, since interest is recoverable as damages, and not strictly as interest.

4. STATUTES ⟐267(2) — RETROACTIVE CONSTRUCTION—RULES OF EVIDENCE—PENDING ACTIONS.

Ordinarily, a statutory amendment affecting admissibility of evidence or probative effect of pleadings, affidavits, etc., affects suits pending at time of amendment, as well as suits filed thereafter.

On Motion for Rehearing.

5. STATUTES ⟐267(2) — CONSTRUCTION — VENUE.

Acts 35th Leg. c. 176 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1903), making a verified plea of privilege prima facie proof of defendant's right to change of venue, applies to pending actions, as well as those thereafter instituted.

6. APPEAL AND ERROR ⟐907(3)—FAILURE TO MAKE STATEMENT OF FACTS—PRESUMPTIONS.

Where no statement of facts accompanies record, trial court's finding that services were performed in a certain county is conclusive upon appeal.

7. VENUE ⟐7—SUITS TO RECOVER FOR LABOR—COMMISSIONS—"LABOR."

Vernon's Sayles' Ann. Civ. St. 1914, art. 2308, subd. 4, as amended June 19, 1917 (Acts 35th Leg. c. 124), fixing venue of suits to recover for "labor" actually performed, applies to suit seeking recovery of commissions for selling real estate.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Labor.]

8. STATUTES ⟐267(2) — CONSTRUCTION—PENDING ACTIONS—VENUE—"MAINTAINED."

Amendment of June 19, 1917 (Acts 35th Leg. c. 124), to Vernon's Sayles' Ann. Civ. St. 1914, art. 2308, subd. 4, providing that suits for labor performed may be "maintained" where such labor was performed, applies to cases pending then in county where services were performed, since "maintained" refers to cases already in existence.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Maintain.]

9. APPEAL AND ERROR ⟐1175(4)—DISPOSITION OF CASE—ENTERING JUDGMENT.

Where Court of Civil Appeals reverses sustaining of plea of privilege by defendant, which is only point that prevented recovery by plaintiffs, judgment will be rendered for plaintiffs in appellate court.

Buck, J., dissenting on rehearing.

Appeal from Jones County Court; J. F. Lindsey, Judge.

Suit by F. I. Walker and others against W. J. Alexander. From a judgment sustaining defendant's plea of privilege, plaintiffs appeal. Reversed, and judgment rendered for plaintiffs.

Joe C. Randel, of Hamlin, for appellants. Walter S. Pope, of Anson, for appellee.

BUCK, J. This is an appeal from a judgment of the county court sustaining defendant's plea of privilege to be sued in the county of his residence. Plaintiffs filed suit in the justice court, as shown by the citation, to recover against defendant the sum of $100, alleged to be due in the way of a commission for procuring a purchaser for the sale of land belonging to defendant, and which had been placed in their hands for sale. Plaintiffs alleged the agreement on the part of defendant to pay plaintiffs for their services the specified amount of $100. In the judgment in the justice court it is stated that the suit was for "commission of $100 of date due, interest for $1.00, total amount of damages $101.00." Defendant's plea of privilege to be sued in the county of his residence was overruled in the justice court. Plaintiffs recovered in the justice court, and on appeal to the county court defendant again interposed his plea of privilege, which was sustained. In the county court, by oral pleadings, plaintiffs sued upon an express contract on the part of the defendant to pay them $100 to procure a purchaser for said land, and they alleged they had found such purchaser, who was able, ready, and willing to purchase said land upon terms satisfactory to defendant, and that said purchaser and defendant entered into a written contract of purchase, and that defendant failed

to do the things required of him by the written contract, and that the prospective purchaser did not buy the land because of such failure. Plaintiffs sought to recover judgment for $100, principal, and interest at 6 per cent. from May 16, 1916, in the total sum of $108.

[1-3] At the threshold of the consideration of this appeal we are confronted with the question of the jurisdiction of this court. Article 1589, subd. 3, of Vernon's Sayles' Texas Civil Statutes, provides that the appellate jurisdiction of Courts of Civil Appeals shall extend to civil cases within the limits of their respective districts, "of which the county court has appellate jurisdiction, when the judgment, or amount in controversy, or the judgment rendered, shall exceed one hundred dollars, exclusive of interest and costs." See Ray v. S. A. & A. P. Ry. Co., 18 Tex. Civ. App. 665, 45 S. W. 479; Green et al. v. Warren et al., 18 Tex. Civ. App. 548, 45 S. W. 608.

"'Interest' is the compensation allowed by law or fixed by the parties to a contract for the use or forbearance or detention of money." Article 4973, Vernon's Sayles' Revised Statutes.

"'Legal interest' is that interest which is allowed by law when the parties to a contract have not agreed upon any particular rate of interest." Article 4974, Vernon's Sayles' Revised Statutes.

Article 4977, Id., provides:

"On all written contracts ascertaining the sum payable, when no specified rate of interest is agreed upon by the parties to the contract, interest shall be allowed at the rate of six per cent. per annum from and after the time when the sum is due and payable."

Article 4978, Id., provides that 6 per cent. interest shall be allowed on all open accounts from the 1st day of January after the same are made. This cannot be held to be a suit on "open account." Wroten Grain & Lumber Co. v. Mineola Box Mfg. Co., 95 S. W. 744. There seems to be no statutory provision for interest upon a fixed amount due under an express parol contract, and therefore interest eo nomine would not be recoverable as interest, but might be recoverable by way of damages. Interest by way of damages, while not an incident of debt, is allowed as a punishment for some fraud, delinquency, or injustice of debtor, or for some injury done by him to his creditors. Heidenheimer v. Ellis, 67 Tex. 426, 3 S. W. 666; Railway Company v. Jackson, 62 Tex. 209; Fowler v. Davenport, 21 Tex. 626, 635; Close v. Fields, 13 Tex. 623.

In Heidenheimer v. Ellis, supra, the court said:

"It is frequently said in the decisions of the courts that interest is the creation of the statute. In a certain sense this is true, but as applied to one class of cases the phrase is misleading. Interest cannot be allowed eo nomine, unless expressly provided for by statute; but in many instances it may be assessed as damages when necessary to indemnify a party for an injury inflicted by his adversary, though the statute be silent upon the subject."

In Watkins v. Junker, 90 Tex. 584, 40 S. W. 11, it is said:

"Interest as damages may be allowed upon unliquidated demands whether they arise out of a breach of contract or out of a tort. Sedgwick on Damages, vol. 1, § 320. * * * It has been generally held by the courts that the jury may allow interest upon damages arising out of the breach of a contract made by a carrier for the carriage and delivery of goods. * * * Also upon damages arising from the breach of a contract for the sale and delivery of specific articles and for the breach of a contract of warranty of personal property. * * * If one takes possession of the horse of another and withholds it from the owner, compensation for the value of the use of the horse during the time is a legal right, and no court would hesitate to instruct the jury to so find, and we can see no difference between the right to be compensated for detaining a horse worth $100 and the right to be compensated for the detention of $100, the value of the horse, in case he was killed or converted to the use of the taker."

From the above authorities, and others which might be cited, we are of the opinion that, if interest is recoverable in this case, it is not as an incident of the debt, interest eo nomine, but interest in the way of damages. If this conclusion be sound, and we think it is, the amount in controversy exceeded $100, and this court has jurisdiction to entertain the appeal.

[4, 5] Defendant's plea of privilege to be sued in the county of his residence was in writing and duly verified, as was plaintiffs' controverting answer. Neither party offered further evidence upon the question of plea of privilege, and the court sustained said plea. It is provided by Acts 35th Leg. (1917) p. 388 (Vernon's Sayles' Ann. Civ. St. 1914, art. 1903), amending article 1903 of the Revised Statutes, that a plea of privilege to be sued in the county of one's residence and containing the statutory requirements shall be sufficient if it be in writing and sworn to, and that when such a plea is filed it shall be prima facie proof of the defendant's right to change of venue. Said article, as amended, further provided that upon the filing of such controverting plea the court shall give a hearing upon the issue made.

As was said in R. L. Ray et al. v. W. W. Kimball Co., 207 S. W. 351, recently decided by this court:

"The issue having been joined by the sworn pleas of defendants and plaintiff, the duty of the court to hear such issue is invoked. If no evidence is introduced to show that the facts alleged in the controverting plea are true, then

the court is required to sustain the plea of privilege."

Again it is said in the same case:

"The statute above noted makes the sworn plea of the defendants prima facie proof of the right to a change of venue, but does not make the controverting affidavit of plaintiff proof of anything."

Hence, if article 1903, as amended, applies, the court properly sustained the plea. But appellants urge that, under the article before the amendment, the burden of proof was on the defendant interposing the plea to establish the allegations therein contained, and that under the former statute the sworn plea did not constitute prima facie proof, or any kind of proof, of the truth of the allegations; that under the statute before amendment the filing of a sworn plea of privilege merely presented the issue. Appellants further aver that this suit is shown to have been filed February 10, 1916; the plea of privilege was filed in the justice court March 20, and overruled May 16, 1916, while the amended statute took effect July 1, 1917. The case was tried in the county court October 3, 1917. Article 2308, subd. 4, Vernon's Sayles' Texas Civil Statutes, was amended by the Thirty-Fifth Legislature (chapter 124); said amendment taking effect ninety days after adjournment, June 19, 1917. The section as amended reads as follows; the amendatory words being here written in italics:

"Suits upon a contract in writing, promising performance at any particular place, may be brought in the county and precinct in which such contract was to be performed: *Provided that in all suits to recover for labor actually performed, suit may be brought and maintained, where such labor is performed, whether the contract for same be oral or in writing.*"

Appellants claim venue of this suit in Jones county by reason of the amendment above set out, and cite such cases as H. & T. C. Ry. Co. v. Graves, 50 Tex. 181, Texas Midland Ry. Co. v. S. W. Tel. & Tel. Co., 24 Tex. Civ. App. 198, 58 S. W. 152, Phœnix Ins. Co. v. Shearman, 17 Tex. Civ. App. 456, 43 S. W. 931–1063, 93 Tex. 668, Odum v. Garner, 86 Tex. 374, 25 S. W. 18, and McCutcheon v. Smith, 194 S. W. 831, as supporting the contention that venue of this suit was fixed in Jones county by the amendment above quoted. Appellee cites such cases as Baines v. Jemison, 86 Tex. 118, 23 S. W. 639, as sustaining his contention that the amendatory act should not be given a retroactive effect so as to change the venue of pending cases. But we are not called upon in this appeal to determine the question as to whether or not the venue of the case might legally be fixed in Jones county. In the consideration of the case we do not get to the question as to whether the amendment to article 2308, su-

pra, should be held applicable to suits pending at the time of its passage, for we must first decide whether or not the court properly gave effect to the amendment to article 1903 (Acts 35th Leg. p. 388) by the terms of which the plea of privilege, duly verified, is made prima facie proof of defendant's right to change of venue. The record fails to disclose that plaintiffs offered any evidence that they had performed in Jones county the services for which they sought recovery. There is no evidence to overcome the prima facie proof made by defendant's plea of privilege.

In 36 Cyc. p. 1217, d (III), it is said:

"Rules of evidence are at all times subject to modification by the Legislature, and statutes making such changes are applicable from their passage, not only to causes of action arising thereafter, but also to actions accrued or pending at the time. Where, however, it was clearly the intention of the Legislature not to make the act retrospective, or, as in the case of evidence in criminal prosecutions, a retrospective construction would render the statute unconstitutional, it will be given only a prospective operation."

In Baxter v. Hamilton, 20 Mont. 327, 51 Pac. 265, it is said:

"It is fundamental that a person has no vested right to have a controversy determined by existing rules of evidence. Like other rules affecting the remedy, they are subject to modification and control by the Legislature."

Though the rule as stated by the Montana court may be subject to exceptions, yet we think the trend of authorities is in accordance with the statement from Cyc., above quoted. We think the general rule is that as to civil cases a statutory amendment affecting the admissibility of evidence, or the probative effect of certain acts, pleadings, writings, affidavits, etc., affects suits pending at the time of the amendment, as well as suits filed thereafter. Hence we conclude that, in the absence of any evidence offered by plaintiffs of facts which would give venue of this suit in Jones county, the trial court was authorized to accept the verified plea of privilege of the defendant as prima facie proof of the truth of the allegations therein contained, and that the court did not err in sustaining said plea.

The judgment is affirmed.

On Motion for Rehearing.

[6] Appellants urge that as the trial court found that the services rendered by plaintiffs were performed in the precinct and county where the suit was filed, and as the trial court may properly, as was evidently done in this case, defer action on the plea of privilege until the evidence has been introduced on the merits (Tynberg v. Cohen, 76 Tex. 409, 13 S. W. 315; Holmes v. Coalson, 178 S. W. 634), we were in error in holding that

there was no evidence in the record tending to establish plaintiffs' claim that the services were performed in Jones county. No statement of facts accompanies the record. The court does find that "the services performed and rendered by the plaintiffs at the instance and request of the defendant, were rendered in precinct No. 5, Jones county, Texas." But the court further concludes as a matter of law that "W. J. Alexander's plea of privilege should be sustained"; also, in the decree of the court sustaining the plea of privilege, it is recited:

"And it further appearing to the court that none of the exceptions to exclusive venue in the county and precinct of one's residence, mentioned in articles 1830 and 2308 of the Revised Statutes of the state of Texas, exist in this cause, the court is therefore of the opinion and finds that defendant's plea of privilege should be sustained."

We have concluded that in the absence of the statement of facts, the finding of fact by the trial court that the services rendered by the plaintiffs were performed in the county and precinct where the suit was filed is conclusive as to that issue. Garner v. Black, 95 Tex. 125, 63 S. W. 918. In plaintiff's controverting answer to defendant's plea of privilege it was alleged that the labor performed and personal services rendered by plaintiffs were performed in said precinct and county. The court further found that defendant agreed to pay plaintiffs $100 for their services in procuring for him a purchaser of his land, and that plaintiffs procured a purchaser who was ready, able, and willing to purchase the land upon terms satisfactory to defendant and that the consummation of the deal between the defendant and the prospective purchaser failed because defendant did not furnish a complete and valid abstract of title, as he had agreed to do. The court further found, as a conclusion of law, that plaintiffs were entitled to recover from defendant, under the facts in the case, the sum of $108, the amount sued for.

[7] We have concluded that we erred in our former disposition of this case, providing it can reasonably be held that the amendment to subd. 4, art. 2308, Vernon's Sayles' Texas Civil Statutes, as amended by the Thirty-Fifth Legislature, is applicable. It will be noted that under said amendment the venue of suits to recover "for labor actually performed" is fixed in the county "where such labor is performed, whether the contract for same be oral or in writing." Are the services of a real estate broker, in securing a purchaser for land, "labor," as that term is used in this amendment? In Words and Phrases, p. 1320, it is said:

"The word 'labor,' in legal parlance, has a well-defined, understood, and accepted meaning. It implies continued exertion of the more oner-

ous and inferior kind, usually and chiefly consisting in the protracted exertion of muscular force. 'Labor may be business, but it is not necessarily so, and business is not always labor. In legal significance, labor implies toil; exertion producing weariness; manual exertion of a toilsome nature."

In City of Topeka v. Crawford, 78 Kan. 583, 96 Pac. 862, 17 L. R. A. (N. S.) 1156, 16 Ann. Cas. 403, it was held that to keep open, manage, and superintend a theater and sell tickets therein on Sunday was "labor," within the meaning of an ordinance prohibiting the performance of unnecessary labor on Sunday. The running of a pool room on Sunday was held to constitute a violation of the Penal Code, prohibiting labor on Sunday in Ex parte Axsom, 63 Tex. Cr. R. 627, 141 S. W. 793, 40 L. R. A. (N. S.) 179, Ann. Cas. 1913D, 794. The services of a superintendent in charge of dredging work were held to be in the nature of labor in United States v. U. S. Fidelity & Guaranty Co., 139 App. Div. 262, 123 N. Y. Supp. 938, 943. The caption of the act amending this subdivision of article 2308 recites that it is an act "providing that all suits to recover for labor performed or any kind of personal services rendered may, at the option of the plaintiff, be brought and maintained where such labor is performed or personal services rendered." In Sutherland on Statutory Construction (1891) p. 279, § 211, it is said:

"But the title of an act is now so associated with it in the process of legislation that when, in performing its constitutional functions, it affords means of determining the legislative intent, in cases of doubt its help cannot be rejected for being extrinsic and extralegislative. The language of an act should be construed in view of its title and its lawful purposes; broad language should be confined to lawful objects. The subject or object expressed in the title fixes a limit to the scope of the act, and provisions not germane, but foreign, to such subject will be excluded as unconstitutional and void."

So we have concluded that the term "labor," used in the amendment aforesaid, should be given an interpretation broad enough to include services of the character here involved.

[8] The next question to be considered is: Should the amendment to article 2308, supra, be held applicable to a suit pending at the time of its passage? We have concluded the change made by the amendment affects only the remedy, and not the substantial rights of the parties, and that the law as it existed at the time of the trial, rather than at the time of the institution of the suit or the accruing of the cause of action, should control. See H. & T. C. Ry. Co. v. Graves, 50 Tex. 181; Phœnix Ins. Co. v. Shearman, 17 Tex. Civ. App. 456, 43 S. W. 931, 1063; Id., 93 Tex. 669; Tex. Midland Ry. Co. v. S. W. T. & T. Co., 24 Tex. Civ. App. 198, 58 S. W. 152. In Baines v. Jemison et al., 86 Tex. 118, 23 S. W. 639, it is said:

"Since the venue of a suit affects only the remedy, it is clear that it is in the power of the Legislature to amend the laws in relation to that matter, and to make the amendment applicable to causes of action that may have accrued before the passage of the act; and it may be that it would be competent to so change the law as to confer local jurisdiction of a suit already pending upon the court in which it was instituted, although such court did not have jurisdiction at the time the action was brought. But upon this question we need give no opinion. Admitting the power of the Legislature in such a case, its intention would have to be clear before the courts would give the statute such a retroactive effect."

See 36 Cyc. p. 1217, to the same effect.

In the case last cited, the Supreme Court distinguishes the case under consideration from that of H. & T. C. Ry. Co. v. Graves, supra, and notes that in the Graves Case the plaintiff amended his petition, so as to avail himself of the privilege conferred by the new statute, and says:

"There the filing of the amended petition was the same as the institution of a new suit, and, since this occurred after the new law had taken effect, the point was correctly decided."

In the case at bar the pleadings were oral, except the verified plea of privilege by plaintiff and the controverting answer by defendant. This controverting answer was filed September 1, 1917, subsequent to the time when the amendment involved took effect. The other pleadings, being oral, are deemed to have been presented on the date of trial, to wit, October 23, 1917. Since in the county court the cause was tried de novo, we are of the opinion that, in holding that the county court of Jones county had jurisdiction of this cause by virtue of the amendment aforesaid, we are not in conflict with Baines v. Jemison et al. Since the amendment provides that suits for labor performed "may be brought and maintained where such labor is performed," we are further of the opinion that the amendment clearly indicates the legislative intent to make it applicable to cases for debt pending in the county where the labor or services for which recovery was sought were performed. The word "maintained" has been defined as meaning to support that which has already been brought into existence. See Kendrick & Robert v. Warren Bros. Co., 110 Md. 47, 77 Atl. 461, 464; Words and Phrases, vol. 3, p. 210; Greentree v. Wallace, 77 Kan. 149, 93 Pac. 598. "Maintained" is defined in the Standard Dictionary as meaning "to hold or preserve in any particular state or condition."

[9] For the reasons stated we have concluded that we erred in affirming the judgment of the trial court, and that the judgment should be reversed. It further appearing from the court's findings of fact that under the evidence plaintiffs were entitled to recover, barring the sustaining of the plea of privilege, of defendant the sum of $108, we are of the opinion that judgment should here be rendered for plaintiffs in said amount, with costs of the suit and 6 per cent. interest from date of judgment. The motion for rehearing is granted, our former judgment set aside, and the judgment of the trial court reversed, and judgment here rendered for appellants in the amount named.

### On Appellants' Motion for Rehearing.

Appellants seem to have construed the language in our opinion, granting appellee's motion for rehearing and affirming the judgment of the trial court, as stating our holding that plaintiff below in the county court set up a new cause of action. By the using of the language, "and being further of the opinion that as the cause originated in the justice court and no new cause of action could have been set up in the county court, have further concluded that this court erred in sustaining appellants' motion for rehearing," was meant that in the instant case, unlike that of Railway Co. v. Graves, cited, we were not permitted, in order to support the contention that the jurisdiction was in the county where suit was filed, to indulge the presumption that by amended pleadings, the plaintiff in the county court presented a new cause of action, and that hence the amended statute would apply.

In holding that the amendment to article 1903, V. S. Civ. Stats., Acts 35th Leg. p. 388, was operative at the time of this trial, though it went into effect after the suit was filed, we do not think we were inconsistent, because the majority also held that the amendment to subdivision 4, art. 2308, did not apply to actions pending at the time said last mentioned amendment became operative. The amendment to article 1903 merely deals with the question of evidence, the force and effect to be given to verified pleas of privilege, and, as pointed out in our opinion, statutory amendments affecting rules of evidence apply to pending actions as well as to future ones, unless the contrary be indicated by the terms of the act, while amendments affecting remedies and procedure are given a prospective application only, unless the retroactive application be clearly shown by the act itself.

In urging that the amendment to subdivision 4, art. 2308, supra, should be held to apply to pending actions, appellants cite the Supreme Court decisions of Spence v. Fenchler, 107 Tex. 443, 180 S. W. 601, and Cox v. Robison, 105 Tex. 426, 150 S. W. 1149. In the first case cited Judge Hawkins, speaking for the Supreme Court, uses this language:

"However, jurisdiction may be conferred upon a court by necessary implication as effectually as by express terms. It is an elementary rule of construction that, when possible to do

so, effect must be given to every sentence, clause, and word of a statute, so that no part thereof be rendered superfluous or inoperative."

In Cox v. Robison Judge Phillips says:

"It is plainly to be inferred that it was these conditions and circumstances that brought the subject to the attention of the members of the body. * * * There is nothing in the proceedings that suggests that the convention intended this ordinance to have a prospective effect, while every evidence furnished by the journal is consistent with a purpose to give it a curative character and use."

Appellants also cite Mutual Film Corp. v. Morris & Daniel, 184 S. W. 1062, by this court; People v. City of Syracuse, 128 App. Div. 702, 113 N. Y. Supp. 707; Aultman & Taylor Mach. Co. v. Fish, 120 Ill. App. 314, and other cases upon this point; but the majority see no reason for changing their views heretofore expressed, and accordingly appellants' motion for rehearing is overruled.

Justice BUCK dissents as before.

⚎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes