### DOUGLASS v. BENNETT. (No. 1448.)

(Court of Civil Appeals of Texas. El Paso. March 29, 1923.)

Justices of the Peace ⬤⇒72—Statute fixing venue for actions for "labor" actually performed does not cover broker's professional services.

Vernon's Sayles' Ann. Civ. St. 1914, art. 2308, subd. 4, applying to the venue of suits before justices of the peace, as amended by Acts 35th Leg. (1917) c. 124 (Vernon's Ann. Civ. St. Supp. 1918, art. 2308, subd. 4), providing that suits to recover. for "labor actually performed," may be brought where the labor is performed, does not include professional services rendered by a real estate broker.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Labor.]

Appeal from Taylor County Court; D. G. Hill, Judge.

Action by I. M. Bennett against A. T. Douglass, before a justice of the peace. Defendant's plea of privilege was overruled, and he appealed to the county court, and, from its judgment overruling such plea, he appeals. Reversed and remanded, with instructions.

Wagstaff, Harwell & Wagstaff, of Abilene, for appellant.

Ben L. Cox, of Abilene, for appellee.

WALTHALL, J. This suit was brought in 1921 by I. M. Bennett against A. T. Douglass, in the justice court, precinct No. 1, Taylor county, for the sum of $187.50, as a balance due on a broker's commissions on a sale of real estate.

The citation alleged that Douglass was a resident of Taylor county, and the citation was served on Douglass in Taylor county. Bennett alleged that the total commissions earned by him as broker for Douglass aggregated the sum of $287.50, and that of that sum Douglass had paid him $100. He further alleges that said services as real estate agent and broker were performed by him in justice precinct No. 1, Taylor county, and that the property negotiated by him for Douglass was situated in said justice precinct.

Douglass duly filed his verified plea of privilege to be sued in Fort Worth, Tarrant county, and in justice precinct No. 1, of Fort Worth, and alleged that at all of said times mentioned he was a resident of justice precinct No. 1, in the city of Fort Worth.

Bennett duly filed his verified controverting affidavit, to the effect that the plea of privilege was without merit, for the reason that the claim sued on is for commissions due him as a real estate broker for services actually performed by him in justice of the peace precinct No. 1, Taylor county, and that the venue for such services is properly in the court where the suit was brought.

The plea of privilege was heard and overruled in the justice court, and Douglass duly gave notice and perfected his appeal to the county court of Taylor county, on Douglass' plea of privilege only. Douglass testified in behalf of his plea, and to the effect that he had continuously resided in Fort Worth, Tarrant county, for more than 2½ years prior to that time; that Bennett, as a real estate broker, about two years prior to the time of the trial had sold some real estate for him in Abilene (Taylor county), and for which service he had agreed to pay him a commission; that Bennett had stated his commission at $250, and of that amount he had paid Bennett $100. He denied that he resided in Taylor county, and said that his residence was in Tarrant county, as above.

The county court overruled the plea, and Douglass gave notice and perfected this appeal.

.Opinion.

Appellant filed assignments of error and thereunder presents two propositions. The first proposition is to the effect that the undisputed evidence on the plea shows that appellant was not a resident of Taylor county at the time the suit was filed, nor when service of citation was served, but was at all times a resident of Tarrant county, that appellee's services were those of a commission man under a verbal contract, and that the

court should have sustained appellant's plea of privilege.

Subdivision 4 of article 2308, Vernon's Sayles' Texas Civil Statutes, applying to the venue of suits in the courts of justices of the peace, as amended in 1917, by the General Laws, 35th Legislature, c. 124, p. 321 (Vernon's Ann. Civ. St. Supp. 1918, art. 2308), reads:

"(4) Suits upon a contract in writing promising performance of any particular place, may be brought in the county and precinct in which such contract was to be performed, provided that in all suits to recover for labor actually performed, suit may be brought and maintained, where such labor is performed, whether the contract for same be oral or in writing."

The identical proposition presented here was decided by the Fort Worth Court of Civil Appeals, and against appellant's contention, in Walker v. Alexander, 212 S. W. 713, which evidently influenced the trial court in overruling the plea. However, since that case was decided, the same question was presented to the Amarillo Court of Civil Appeals, and that court, entertaining a different view of the question from that expressed in Walker v. Alexander, supra, certified the question to the Supreme Court. The certified question is answered by the Commission of Appeals, section b, and adopted by the Supreme Court, and reported in Felton v. Johnson, 247 S. W. 837, holding that the above subdivision of the act, as amended, providing that suits to recover for "labor actually performed," may be brought where such labor is performed, do not include professional services rendered by a real estate broker.

The case is reversed and remanded, and the county court directed to transfer the case to precinct No. 1, city of Fort Worth, Tarrant county, Tex.

Reversed and remanded, with instructions.