### C. P. YATES v. ROYSTON STATE BANK

Decided July 2, 1910.

**Action by Corporation—Names of Officers—Statute Construed.**

In an action by a corporation it is not necessary that either the petition or the citation disclose the names of the officers. This is not required by either article 1191 or 1214, Rev. Stats.

Error from the District Court of Fisher County. Tried below before Hon. C. C. Higgins.

*A. R. Pool,* for plaintiff in error.

*L. B. Allen,* for defendant in error.

DUNKLIN, ASSOCIATE JUSTICE.—C. P. Yates has prosecuted a writ

of error from a judgment rendered against him by default in favor of the Royston State Bank as plaintiff on three promissory notes executed by Yates and secured by a vendor's lien on certain lots in the town of McCaulley.

In plaintiff's petition the Royston State Bank was alleged to be a corporation duly incorporated under the laws of this State, but none of its officers were named in the petition, nor in the citation served upon the defendant. Plaintiff in error contends that the failure to allege in the petition the names of the officers of the plaintiff bank was a failure to comply with the requirements of article 1191, Sayles' Civil Statutes, which provides that the names of all the parties to the suit shall be alleged in the petition; and that as the citation did not contain the names of plaintiff's officers it was not in compliance with article 1214, Sayles' Civil Statutes, which, among other things, requires that the citation shall contain the names of all the parties to the suit. Both these contentions are overruled. Manifestly, if the names of plaintiff's officers had been alleged in the petition, such officers would not have been parties to the suit. As suggested in the brief of plaintiff in error, in the event of a necessity for service of process upon the plaintiff by reason of any proceedings in the case on the part of the defendant, it might in some instances be convenient to ascertain from the petition the name of the proper officer upon whom service could be effected, but we know of no statute requiring the petition to contain such information. None of the authorities cited in the brief of plaintiff in error sustain his contention.

We have found no sufficient cause for prosecuting the writ of error in this cause, and it appearing that the same was for delay, the judgment will be affirmed with ten per cent of the amount added thereto as damages, as prayed for by defendant in error.

*Affirmed with damages.*