IRVING v. TEXAS & P. RY. CO.

(Court of Civil Appeals of Texas. El Paso. May 8, 1913. Rehearing Denied May 29, 1913.)

1. APPEAL AND ERROR (§ 743*)—BRIEFS—ASSIGNMENTS OF ERROR—REFERENCE TO MOTION FOR NEW TRIAL.

Assignments of error not referring to that part of the motion for a new trial in which the error is complained of, as required by rules 24 and 25 of Courts of Civil Appeals, as amended January 24, 1912 (142 S. W. xii), cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

2. APPEAL AND ERROR (§ 1133*)—AFFIRMANCE —INSUFFICIENT PRESENTATION OF CASE.

Where assignments of error are not sufficient to present the case on appeal, and an examination of the record discloses no fundamental error, the judgment must be affirmed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4450–4453; Dec. Dig. § 1133.*]

Appeal from District Court, Reeves County; S. J. Isaacs, Judge.

Action between J. B. Irving and the Texas & Pacific Railway Company. Judgment for the company, and Irving appeals. Affirmed.

Hefner & Cooke and Parker & Palmer, all of Pecos, for appellant. Douthit & Smith, of Sweetwater, and Howard & De Armond, of Midland, for appellee.

McKENZIE, J. This cause was tried by the court with a jury. Appellee in its brief objects to the consideration by this court of any of appellant's assignments of error, because the assignments as filed, which appear in the record, do not comply with rules 24 and 25 (142 S. W. xii) for the government of the Courts of Civil Appeals, as amended January 24, 1912.

The rules referred to are as follows:

"24. The assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly set forth in a motion for a new trial in the cause and not distinctly specified

in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error as mentioned in rule 23.

"25. To be a distinct specification of error, it must point out that part of the proceedings contained in the record in which the error is complained of, in a particular manner, so as to identify it, whether it be the rulings of the court upon a motion, or upon any particular part of the pleadings, or upon the admission or the rejection of evidence, or upon any other matter relating to the cause or its trial, or the portion of the charge given or refused, the fact or facts in issue which the evidence was incompetent or insufficient to prove, the insufficiency of the verdict or finding of the jury, if special, and the particular matter in which the judgment is erroneous or illegal, with such reasonable certainty as may be practicable, in a succinct and clear statement, considering the matter referred to, and must refer to that portion of the motion for a new trial in which the error is complained of."

[1] It is apparent from examination of the assignments of error, as same appear in the record, that they do not make any reference to "that portion of the motion for a new trial in which the error is complained of." The omission is a violation of the rules just quoted, and the assignments of error will be considered by this court as waived. Davidson v. Patton, 149 S. W. 757; Railway Co. v. Ledbetter, 153 S. W. 646; Railway Co. v. Gray, 154 S. W. 229; Imperial Irrigation Co. v. McKenzie, 157 S. W. 751; Konz v. Henson, 156 S. W. 593; Railway Co. v. Lee, 157 S. W. 748; and Cain v. Delaney, 157 S. W. 751. The last four cases are not yet officially reported, having recently been decided by this court.

[2] An examination of the record fails to disclose any fundamental error, and the judgment must be affirmed.