ROCKDALE MERCANTILE CO. v. BROWN SHOE CO. (No. 5598.)

(Court of Civil Appeals of Texas. Austin. March 1, 1916.)

1. APPEAL AND ERROR &#9758;282—PRESENTATION OF QUESTIONS IN TRIAL COURT—MOTION FOR NEW TRIAL—NECESSITY.

Where a case is tried before the court without a jury, a motion for new trial is not a prerequisite to the perfection of an appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1662–1665; Dec. Dig. &#9758;282.]

2. ACCOUNT, ACTION ON &#9758;10—"OPEN ACCOUNT"—REQUISITES.

An account sued on, embracing numerous articles of merchandise purchased on a single date, properly itemized, which has not become an account stated, is an "open account," proof of which by ex parte affidavit is permitted by Rev. St. 1911, art. 3712.

[Ed. Note.—For other cases, see Account, Action on, Cent. Dig. § 31; Dec. Dig. &#9758;10.]

For other definitions, see Words and Phrases, First and Second Series, Open Account.]

3. CORPORATIONS &#9758;505—ACTIONS—PARTIES.

A private corporation has the right to maintain an action in its own name.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1953–1957, 1975; Dec. Dig. &#9758;505.]

4. CORPORATIONS &#9758;514(1)—ACTIONS—PLEADING.

The petition, in an action by a private corporation, need not state the name of any officer of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2052–2070; Dec. Dig. &#9758;514(1).]

Appeal from Milam County Court; John Watson, Judge.

Action by the Brown Shoe Company against the Rockdale Mercantile Company. From a judgment for plaintiff, defendant appeals. Affirmed.

E. A. Camp, of Rockdale, and Wallace & Moore, of Cameron, for appellant. M. G. Cox, of Cameron, for appellee.

RICE, J. Appellee brought this suit to recover a balance for merchandise sold by it to appellant, as evidenced by verified itemized account attached to its petition, and on trial before the court without a jury recovered judgment for the full amount claimed, to wit, $345.45, from which judgment this appeal is prosecuted.

[1] There was no motion filed by appellant for a new trial in the court below, for which reason appellee insists that we should not consider any of the assignments of error, since they do not conform to rules 24 and 25 (142 S. W. xii), also citing in support of this

contention Irving v. T. & P. Ry. Co., 157 S. W. 752; Salliway. v. Grand Lodge, A. O. U. W., 164 S. W. 1041; City of San Antonio v. Bodeman, 163 S. W. 1043; Taylor v. Butler, 168 S. W. 1004. The contrary, however, has been held in a recent opinion by Mr. Chief Justice Phillips in Craver v. Greer, 179 S. W. 862, holding that where a case is tried before the court without a jury, a motion for new trial is not a prerequisite to the perfection of an appeal. See that case for a full and elaborate discussion of the question.

[2] The principal contention involved in this appeal is whether or not the account sued upon and offered in evidence is an open account, and therefore the subject of proof by ex parte affidavit under article 3712, R. S. 1911. See, also, same article 3 Vernon's Sayles' Rev. Stats. p. 2745. The account sued on embraced numerous articles of merchandise purchased from appellee by appellant under date of May 20, 1914, and was properly itemized, to which was appended the ex parte affidavit of the secretary of appellee, conforming in every respect to the provisions of said article 3712. We think this is such an open account as is the subject of verification under said statute, and makes a prima facie case, upon which appellee was entitled to recover. See McCamant v. Batsell, 59 Tex. 363; Wroten Grain Co. v. Mineola Box Co., 95 S. W. 744. As said by Mr. Justice Stayton in the first case cited:

"As used in the statutes of this state, in act referred to, we believe that the word 'account' is used in its popular sense, rather than in a technical sense, and that it applies to transactions between persons in which, by a sale upon the one side and purchase upon the other, the title of personal property passes from the one to the other, and the relation of debtor and creditor is thereby created by general course of dealing; and that it does not mean one or more isolated transactions resting upon special contract."

The account sued on in this case is not a stated account, as evidently was that in the case of Wroten Grain Co. v. Mineola Box Co., supra. It is true that it was but a single purchase, but this does not prevent it from constituting an open account. The account in question shows a sale of the goods by appellee to appellant, stating the price charged therefor, and in every particular conforms to what is regarded by the authorities as an open account; and was therefore, when properly verified, as in the instant case prima facie evidence upon which appellee is entitled to judgment, in the absence of proof impeaching its validity or showing its incorrectness. In McCamant v. Batsell, supra, the claim sued upon was held not to be an open account within the meaning of article 3712, and therefore could not be established by the ex parte affidavit of the plaintiff. The suit in that case was brought to recover amounts paid by plaintiff for defendant on two security debts. It is true that the account sued upon in the case of

Wroten Grain Co. v. Mineola Box Co., supra, would ordinarily have come within the purview of this article but for the fact that the plaintiff's petition contained allegations showing that the account sued upon was no longer an open account, but in fact a stated account between the parties, and therefore could not be established by the ex parte affidavit of the plaintiff, and the court so held in that case.

[3, 4] The original petition omitted to give the name of any officer of the plaintiff corporation, and also failed to state the domicile of such corporation. A special exception, addressed to the petition on account of such defect, was overruled, and this is made the basis of appellant's first assignment of error, insisting by its proposition thereunder that the petition is insufficient in this respect. A private corporation has the right to maintain an action in its own name. See Southern Pac. Co. v. Burns, 23 S. W. 288. And it has been directly held that it is not necessary to state the name of any officer of the plaintiff corporation. Yates v. Royston State Bank, 131 S. W. 255. But, admitting the exception as to omitting plaintiff's domicile to be well taken, and it was necessary to so state the domicile of the corporation, this was in fact done by the trial amendment duly filed with permission of the court, making the petition in every respect conform to the exception of appellant.

Finding no error in the proceedings of the trial court, its judgment is, in all respects, affirmed.