The judgment is reversed, and the cause remanded.

---

### FEARS v. FISH. (No. 1591.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 21, 1920. On Motion for Rehearing, Feb. 18, 1920.)

1. VENUE ⬦⟫3—PLEA OF PRIVILEGE IN SUIT IN COUNTY COURT DEPENDS ENTIRELY ON STATUTE APPLICABLE TO THAT COURT.

An action by an attorney to recover fees, brought in the county court, is controlled as to venue by Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, relating to special proceeding in such courts, and it was therefore error, in overruling defendant's plea of privilege, to base the decision upon Vernon's Ann. Civ. St. Supp. 1918, art. 2308, subd. 4, relating to venue in justice courts, and providing that in all suits to recover for labor actually performed suit may be maintained where such labor is performed, whether contract is oral or in writing.

2. APPEAL AND ERROR ⬦⟫1178(6)—JUDGMENT MAY BE REVERSED AND CASE REMANDED FOR TRIAL ON ISSUE NOT DETERMINED.

In an attorney's action to recover fees based in part upon fraudulent representations by defendant's agent relative to defendant's ability to pay, where the issue of plaintiff's right to maintain suit in the county where the services were performed was not determined, the judgment may be reversed, and the case remanded for trial upon such remaining issue.

#### On Motion for Rehearing.

3. JUSTICES OF THE PEACE ⬦⟫64 — STATUTE GOVERNING PRACTICE IN JUSTICE COURT CAN BE APPLIED ONLY THEREIN.

Where any matter of practice and procedure is prescribed in the statutory title governing such matters in the justice court, it is exclusive, and can be applied only in such courts.

4. JUSTICES OF THE PEACE ⬦⟫64—APPLICATION OF STATUTE AS TO VENUE STATED.

Should any question arise in justice court with reference to venue not covered by Vernon's Ann. Civ. St. Supp. 1918, art. 2308, the court must be governed by any provision of Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, applicable thereto.

Appeal from Potter County Court; Ray C. Johnson, Judge.

Action by S. E. Fish against Ed Fears. Defendant's plea of privilege was overruled, judgment was rendered for plaintiff, and defendant appeals. Reversed and remanded.

W. E. Gee, of Amarillo, for appellant.
Earl Wyatt, of Amarillo, for appellee.

HALL, J. The appellee, an attorney of Potter county, filed this suit in the county court of said county to recover of appellant the sum of $250, alleged to be due him as attorney's fees. The petition states, in substance, that in September, 1918, a suit was filed in the district court of Potter county against Mrs. Eva Falkner, sister of appellant, by her husband and her father-in-law in the nature of an application for a writ of habeas corpus, which was granted, ordering her to produce her two children in court on the 30th day of September; that on the 29th day of September appellant sent his mother from Jefferson county as his agent and representative and to assist his sister, the said Eva Falkner, in her defense in said habeas corpus proceeding; that he instructed his mother to employ an attorney, and that appellee was employed by her for that purpose; that said agent represented to appellee that appellant was a man of wealth and considered the habeas corpus proceeding as an attack upon the character of his sister and a reflection upon the family name; that he was going to defray all of the expense incident to her defense in said proceeding; that appellant corresponded with appellee concerning the suit and the trial thereof; that in pursuance to said employment appellee represented the said Eva Falkner and secured a dismissal of the habeas corpus proceedings; that the statements concerning the wealth of appellant, his ability to pay, and that he had provided a home

for his sister were false and fraudulent, and were made for the purpose of deceiving and did deceive appellee, inducing him to represent his sister in the district court, and that said statements were a fraud upon the jurisdiction of the court; that $250 was a reasonable charge for the services rendered. The defendant filed his plea of privilege in the county court in accordance with article 1903, Vernon's Sayles' Civil Statutes, claiming his right to have the action transferred to Jefferson county, Tex., which he alleged to be the county of his residence. Appellee filed a controverting affidavit, alleging, in addition to the contract of employment, and the false and fraudulent representations made to induce appellee to represent appellant's sister in the habeas corpus proceedings, that the work done and services rendered by appellee in connection with the habeas corpus proceeding were so rendered in Potter county, Tex. Appellant admitted in open court that the labor done and services performed in connection with the district court proceeding were done and performed in Potter county, and this admission is made a part of the court's judgment. The record contains no statement of facts, and it is stated in appellant's brief, and not controverted, that no evidence was introduced in support of the allegation of fraud. The court overruled the defendant's plea of privilege, basing his ruling, as we infer from the record, upon subdivision No. 4 of article 2308, V. C. S. 1918 Suppl. This article is in chapter 5, tit. 41, of the Statutes, and relates to venue of actions in justice courts. As amended by Acts 35th Leg. (1917) c. 124, this provision was added to subsection 4:

"Provided that in all suits to recover for labor actually performed, suit may be brought and maintained, where such labor is performed, whether the contract for same be oral or in writing."

[1, 2] It was held by the Second Court of Civil Appeals (Justice Buck dissenting) in Walker v. Alexander, 212 S. W. 713, that a real estate broker was entitled under this article and subsection as amended to recover for commissions due him in the county and precinct where his services as broker were rendered. In the case of Felton v. Johnson, No. 1578 on the docket of this court, 221 S. W. ——, the decision in the Walker Case was followed. Upon motion for rehearing we reversed our original holding and granted a motion to certify the question to the Supreme Court. Whatever may be finally decided with reference to the effect of article 2308, we think it is immaterial in so far as this case is concerned, which, as stated, originated in the county court. In such cases the venue is controlled by chapter 4, tit. 37, art. 1830, and other statutes relating to special proceedings in such courts. It follows, therefore, that in overruling the plea of privilege the court erred in basing his action upon said article 2308. Since the right of appellee to maintain his suit in Potter county upon the ground of fraud was not considered by the trial judge, and is not properly before this court for consideration, the judgment will be reversed for a trial of that issue. This court held in Hayes et al. v. Penney, cause No. 1565 upon the docket, 215 S. W. 571, not yet officially published, that the proper procedure in cases of this character, where it appeared that the case had not been fully developed, was to reverse the judgment and remand the cause for a trial upon the remaining issues, citing authorities.

The judgment is therefore reversed, and the cause remanded.

### On Motion for Rehearing.

It is insisted in the motion that, because article 1903, V. S. C. S., which prescribes the requisites of a plea of privilege and governs the practice when such plea is filed, has been held applicable to both justice courts and courts of record, we should hold article 2308, prescribing venue of suits in the justice court, applicable to suits in courts of record. This contention must be overruled. The practice in justice courts is governed by title 41, V. S. C. S., and article 2400 of chapter 18, said title, provides that—

"Whenever the mode of proceeding in any particular case or matter is not prescribed by the provisions of this title, or of some other law or title specially relating thereto, the same shall be governed by the provisions of the title relating to the mode of proceeding in the district and county courts in civil cases, in so far as the same are applicable."

[3, 4] In matters relating to procedure and practice title 41 is not as comprehensive as title 37, governing procedure and practice in courts of record, and this accounts for the enactment of article 2400. No such provision is found in title 37. Where any matter of practice and procedure is prescribed in the title governing such matters in the justice court, it is exclusive, and can be applied only in such courts. Article 2308 relates exclusively to practice in justice courts, while article 1830 relates to venue in courts of record. Should any question arise in the justice court with reference to venue which is not covered by article 2308, it is the duty of the court to be governed by any provision of article 1830 applicable thereto; but the reverse of this proposition is not true.

The motion is overruled.