### GERLACH–BARLOW CO. v. PATTON.
### (No. 11357.)

(Court of Civil Appeals of Texas. Fort Worth. Jan. 16, 1926. Rehearing Denied Feb. 20, 1926.)

1. **Account, action on** ⚙⚙ **10—Suit on contract to purchase calendars, subsequently canceled, does not come within Rev. St. 1925, art. 2010, § 11, and article 3736.**

Suit on contract to purchase calendars, which contract was canceled before calendars were ready for shipment, does not come within Rev. St. 1925, art. 2010, § 11, and article 3736, providing that defendant cannot deny an account if he fails to file an affidavit denying items of an account, and hence it was not error to refuse judgment on verified account, not denied under oath by defendant.

2. **Appeal and error** ⚙⚙ **909(5)—Without pleadings or evidence showing that plaintiff's delay did not prejudice defendant, under contract for purchase of calendars, every presumption is in favor of judgment below.**

Without pleadings supported by evidence that delay in shipping calendars was not prejudicial to defendant, ordering same, and without pleadings in record, every presumption is in favor of judgment for defendant.

3. **Contracts** ⚙⚙ **346(2).**

One, relying on written contract, must allege and prove that he has complied with its terms in order to recover.

4. **Sales** ⚙⚙ **170—Plaintiff held not entitled to recover contract price of calendars shipped three months after notice of cancellation.**

Where contract requires shipment of calendars containing special advertising matter for defendant in September, 1920, but plaintiff failed to ship them until June 30, 1921, three months after notice of cancellation, plaintiff was not entitled to recover contract price.

5. **Evidence** ⚙⚙ **21—Judicial knowledge is taken of fact that calendars are distributed in latter part of prior year or early part of particular year.**

Judicial knowledge will be taken of fact that calendars for any particular year are usually distributed in latter part of prior year or in early part of year for which they are intended.

### On Motion for Rehearing.

6. **Account, action on** ⚙⚙ **10.**

An open account may not rest on one or two isolated transactions resting on special contract.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Suit by the Gerlach-Barlow Company against Roy R. Patton and another. Judgment for Roy R. Patton, and plaintiff appeals. Affirmed.

McGown, McGown & Anderson, of Fort Worth, for appellant.

Phillips, Brown & Morris, of Fort Worth, for appellee.

BUCK, J. Gerlach-Barlow Company filed suit in the justice court on April 12, 1921, against Roy R. Patton and H. I. Stine, for $116, the alleged contract price for 500 calendars and 500 wrappers. On December 24, 1921, the suit was dismissed as to Stine, and the same day the justice rendered judgment for defendant. On appeal to the county court for civil cases for Tarrant county, judgment was likewise rendered for defendant. Plaintiff has appealed to this court. There is no statement of facts in the record, nor does the record contain any pleadings in either trial court, written or oral. Upon motion of appellant, the county judge filed his findings of fact and conclusions of law as follows:

"(1) On the 1st day of January, 1920, the firm of Patton & Stine, of which firm the defendant Roy R. Patton was a member, gave a written order to the plaintiff for: 500 twelve (12) sheet business calendars, at the contract price of one hundred ten ($110.00) dollars and 500 pullstring wrappers, at the contract price of six ($6.00) dollars.

"(a) That said written order provided that the calendars were to be shipped by freight on or about September 1st.

"(b) That certain special advertising matter was to be printed on the calendars.

"(c) That the arrangement of the advertisement and style of type were left to the discretion of the Gerlach-Barlow Company.

"(2) That early in April, 1921, the defendant Patton, the firm of Patton & Stine having been dissolved, countermanded the order for the calendars and wrappers and this cancellation was communicated to the plaintiff by one Finn, the agent of plaintiff, who took the order.

"(3) That plaintiff received notice of such cancellation and immediately instructed the subcontractor, who was doing the work, to do nothing further with the order until after the receipt of additional instructions, but that the subcontractor disregarded said instructions from plaintiff and shipped the calendars and wrappers.

"(4) That at the time defendant countermanded the order and plaintiff received notice of such countermand, the calendars were not ready for shipment and were not in fact shipped until June 30th, nearly three months later.

"(5) That the condition, quality, and form of the calendars and wrappers when shipped to defendant were not shown by plaintiff.

"(6) That the value of the calendars at the time the cancellation of the order was received by plaintiff was not shown.

"(7) That the value of the wrappers at the time plaintiff received cancellation of the order was not shown by plaintiff.

### "Conclusions of Law.

"From the foregoing findings of fact, I conclude as a matter of law:

"1. That the defendant repudiated the contract in question in April, 1920, at a time when title to the calendars and wrappers had not

⚙⚙For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

passed to him, and that, in consequence, the plaintiff is not entitled on its own showing to recover the full contract price, but, if anything, only the difference between the contract price of the calendars and wrappers and the value of the calendars and wrappers in the condition in which they were at the time the defendant repudiated the contract in April, 1920; and, plaintiff not having shown that the calendars and wrappers were not worth the full contract price at that time, the plaintiff cannot recover.

"2. I further conclude, as a matter of law, that, the plaintiff having failed to allege or prove that the calendars were manufactured and completed in compliance with the terms and specifications of the order, it has failed to make out a case on its contract, and no recovery can be had."

[1] It is urged that, as the suit in the justice court was filed as a verified account, and the defendant did not deny it under oath, judgment should have been rendered for plaintiff for the full amount sued for. There are two articles of the Civil Statutes referring to the matter. Article 2010, § 11, Rev. St. 1925 [1906—11] says:

"An answer setting up any of the following matters, unless the truth of the pleadings appear of record, shall be verified by affidavit. * * * "Section 11. That an account which is the foundation of the plaintiff's action, and supported by an affidavit, is not just; and, in such case, the answer shall set forth the items and particulars which are unjust."

Article 3736, Revised Civil Statutes of 1925 [3712] reads as follows: .

"When any action or defense is founded upon an open account, supported by the affidavit of the party, his agent or attorney, taken before some officer authorized to administer oaths, to the effect that such account is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that such account is not just or true, in whole or in part, and if in part only, stating the items and particulars which are unjust; provided, that when such counter affidavit shall be filed on the day of the trial, the party claiming under such verified account shall have the right to continue such cause until the next term of court; when he fails to file such affidavit, he shall not be permitted to deny the account, or any item therein as the case may be."

These two statutes are construed in McCamant v. Batsell, 59 Tex. 363, and Justice Stayton, speaking for the Supreme Court, said: That an open account is defined to be one in which nothing has occurred to bind either party by its statements; an account which is yet fully open to be disputed. Abbott's Law Dictionary. That neither an account nor an open account is one based upon a definite, expressed contract, and promise

to pay. That the word "account," as used in these statutes, has the popular rather than the technical signification, and applies to transactions between persons, in which, by sale upon one side, and purchase upon the other, the relation of debtor and creditor is created by general course of dealing, and does not apply to one or more isolated transactions resting upon special contract. We think this case is not under the rule laid down by the statutes, and that, therefore, there was no error in the trial court's refusing to give judgment "upon a verified account." Robinson v. Lingner (Tex. Civ. App.) 183 S. W. 850, 851; Myers v. Grantham (Tex. Civ. App.) 187 S. W. 532; Padgitt Bros. Co. v. Dorsey (Tex. Civ. App.) 194 S. W. 1124; Bixler v. Dolieve (Tex. Civ. App.) 220 S. W. 148, 149.

[2-5] If, as the court found, the contract provided that the calendars were to be shipped on or before September 1, 1920, and they were not shipped until June 30, 1921, three months after the notice of the order to cancel, and in the absence of pleading supported by evidence that the delay in shipping the calendars was not prejudicial to the rights of defendant, and by reason of the fact that the record before us contains no pleadings, either in the justice court or in the county court, all presumption must be indulged in in favor of the judgment below. Where one relies on a written contract to recover, it is incumbent on plaintiff to allege and prove that he had complied with the terms of the contract. The facts conclusively show that plaintiff did not comply with the terms of the contract as to date of shipment. Calendars are practically worthless, except for the year for which they are intended, and this court takes judicial knowledge of the fact that calendars for any particular year are usually distributed in the latter part of the year prior, or in the early part of the year for which they are intended. Moreover, the trial court finds that the calendars were to have special advertising matter printed on them, and, unless they should be delivered in time for their distribution at the usual time so that the advertisement could be seen and used by the distributees and the public generally, the advertisements would be more or less worthless to the advertisers.

We are of the opinion that the judgment below should not be disturbed, and it is accordingly affirmed.

## Appellant's Motion for Rehearing.

The case of Robinson v. Lingner, 183 S. W. 850, was inadvertently cited in our original opinion, and is not in point on the question there discussed.

[6] Appellant cites the cases of Rockdale Mercantile Co. v. Brown Shoe Co. (Tex. Civ. App.) 184 S. W. 281, and Scofield v. Lilien-

thal (Tex. Civ. App.) 268 S. W. 1047, which he thinks are in conflict with our holding on original hearing. The first cited case, by Judge Rice of the Austin Court of Civil Appeals, holds that an open account may be founded upon a single transaction. There is nothing in our original opinion contrary to the view expressed by Judge Rice, but we held there and now hold, upon the authority of McCamant v. Batsell, supra, that an open account may not rest upon one or two isolated transactions resting upon special contract. In the absence of any pleading, and in the absence of any statement of facts, we must presume in favor of the judgment that plaintiff below sued upon a transaction resting upon a special contract and that the trial court so found.

Appellant further urges that we erred in finding that the calendars in question in this suit were not shipped until June 30, 1921, ten months after the date agreed upon for delivery. He avers that the findings of fact and conclusions of law inadvertently set the date of the countermanding of the order as being early in April, 1921, when in truth and in fact it was early in April of 1920. The suit was field in the justice court on the 12th day of April, 1921, and citation issued on the same day. Of course, we are not responsible for the apparent error, or, at least, conflict, in the dates, and state the facts as above set out, for the purpose of being fair to appellant.

The motion for rehearing is overruled.