## HUME v. DEVENPORT.
### No. 3752.

Court of Civil Appeals of Texas. Amarillo.
June 22, 1932.

Rehearing Denied Sept. 7, 1932.

Fred E. Young, of Amarillo, for appellant.
J. D. Thomas, of Farwell, for appellee.

JACKSON, J.

The record discloses that J. W. Devenport as plaintiff sued H. E. Hume as defendant, in justice court in precinct No. 1, in Parmer county, Tex., to recover damages to plaintiff's car in the sum of $167.45, charged to have been occasioned by the defendant negligently causing his car to collide with the car of plaintiff on the highway in said precinct and county.

The defendant in due time filed his plea of privilege in said justice court, stating:

"This defendant, the party claiming such privilege, was not at the institution of such suit, nor at the time of the service of process thereon, nor at the time of the filing of such plea, a resident of Parmer County, Texas, the county in which such suit was instituted.

"The county of the residence of this defendant at the time of such plea, as well as at the time of the filing of same, is Potter County, Texas.

"No exception to exclusive venue in the county of one's residence, provided by law, exists in said cause."

The plaintiff filed his controverting affidavit, asserting that the justice court of said precinct No. 1 had jurisdiction and venue of the cause under subdivision 6 of article 2390, R. C. S., which provides: "Suits for damages for torts may be brought in the county and precinct in which the injury was inflicted."

The justice of the peace overruled the defendant's plea of privilege and he appealed to the county court of Parmer county. Plaintiff filed an amended controverting affidavit in county court, asserting that said court had venue and jurisdiction by reason of subdivision 9 of article 1995, R. C. S. The court, after hearing the testimony, overruled the defendant's plea of privilege, to which action of the court the defendant excepted and prosecuted his appeal to this court.

[1, 2] This case having originated in justice court, its jurisdiction over appellant would be determined by the provisions of article 2390. Fears v. Fish (Tex. Civ. App.) 218 S. W. 507. It is only when some question arises pertaining to venue in justice courts which is not covered by article 2390 that the courts may consider the subdivisions of article 1995 in determining the venue. Fears v. Fish, supra.

In our opinion the appellee in his controverting affidavit sufficiently alleged and by the testimony made such prima facie proof of a tort against appellant as to authorize the justice court to retain venue under subdivision 6 of article 2390.

In the case of Galveston, H. & S. A. Ry. Co. v. Hennegan, 33 Tex. Civ. App. 314, 76 S. W. 452, the court gives a very comprehensive and satisfactory definition of a tort. If the justice court had jurisdiction over appellant, the county court acquired jurisdiction by the appeal. Under the record, however, the judgment must be affirmed because the plea of privilege filed by appellant was insufficient to authorize the justice of the peace or the county judge of Parmer county, Tex., to change the venue of the case.

In Leventhal v. Hollamon et al. (Tex. Civ. App.) 165 S. W. 6, 8, the San Antonio court says: "When a plea of privilege is filed and relied on as to jurisdiction, the one seeking to avail himself of that plea must give the other party a better writ. He must show exactly where the proper jurisdiction is, so that the venue may be correctly laid. This cause originated in the justice's court of Guadalupe county, from which it was appealed to the county court. * *. * The plea of privilege does not show in what justice's precinct the appellant lives; but he asks that the case be transferred to the Dallas county court from the county court of Guadalupe county after he has neglected to file any plea in the justice's court."

In Patterson Produce Co. v. Tombs, 14 S. W. (2d) 959, 960, the Court of Civil Appeals at Austin holds: "The plea of privilege is insufficient, for the reason that the defendants merely allege that they reside in Dallas county, without indicating in what justice court precinct they reside. * * * That is, had the justice court of San Saba county granted their plea, there was nothing to inform him what justice court the case should go to in Dallas county."

The plea of privilege filed by appellant in this case having stated only that his residence is in Potter county, but having failed to show the precinct in which he resides in said county, his plea of privilege was insufficient.

The judgment is affirmed.