## WELSH v. CHAPMAN.

### No. 4473.

Court of Civil Appeals of Texas. Amarillo.

Oct. 14, 1935.

**294**

. H. H. Smith, of Panhandle, for appellant.

F. A. Cary, of Pampa, for appellee.

HALL, Chief Justice.

This case originated in justice court, precinct No. 2, place No. 1, of Gray county. The record contains a transcript from the justice court to the county court of Gray county. No written pleadings appear in the record except the plea of privilege filed by Welsh, asserting his right to be sued in precinct No. 1 of Carson county, Tex., where he alleges he resides and did reside at the time the suit was filed, also the controverting affidavit filed by Chapman. The transcript from the justice court contains only the following entry forming the basis of plaintiff's action: "Suit upon account for $137.50." No account appears in the record, nor is there any statement as to when it was made, when it is due, and who, if any one, is in-

debted to Chapman, and on what account the indebtedness exists.

The justice's transcript further shows that Welsh filed his plea of privilege on October 19, 1934, and that Chapman's controverting affidavit was filed the 22d day of October, 1934; that citation was issued October 27, 1934; that plaintiff's demurrer to the controverting affidavit was filed on November 12, 1934, and was overruled the same day, together with Welsh's plea of privilege. An appeal bond was filed with the justice on the 19th day of November, 1934, and the case was transferred to the county court for a trial de novo. In that court, on December 10, 1934, the plea of privilege was overruled, by the trial judge, after he had heard the evidence, from which order this appeal is prosecuted.

A statement of facts has been filed which shows that the only evidence introduced, in addition to the plea of privilege and the controverting affidavit, was the testimony of the appellee, Chapman. He testified as follows: "My name is John Chapman. I am also known as J. A. Chapman. I know A. B. Keahey and M. B. Welsh. Mr. Keahey lives in Gray County, Texas and Mr. Welsh lives in Carson County, Texas. We are all three real estate men. I am suing both defendants for my part of the commission which I am claiming in a real estate transaction on the ground that they sold my listing."

As stated above, the only entry on the justice's docket which purports to make a statement of the plaintiff's cause of action is that it is a suit on an open account for $137.50. No account appears in the record. No other testimony is before us showing the nature of the cause of action except the above-quoted testimony from Chapman. If his action is to recover an interest in the commission which the defendants, as real estate brokers, were withholding from him, he certainly cannot recover upon an account, whether verified or otherwise. Myers v. Grantham (Tex. Civ. App.) 187 S. W. 532; Gerlack-Barlow Co. v. Patton (Tex. Civ. App.) 281 S. W. 242. His cause of action must necessarily be upon a contract, express or implied, if his testimony discloses the nature of his demand.

██ It is true that the justice of the peace issued a citation which was served, but the citation issued from a justice court

is no part of plaintiff's pleadings, and cannot be considered either in the county court or in this court in determining what issues were presented in either court. Northside Lumber & Bldg. Co. v. Neal (Tex. Civ. App.) 23 S.W.(2d) 858.

There is no statement in the record showing where the services of the real estate brokers, if any, were rendered.

Revised Statutes, article 2390, provides that any suit commenced in the justice court shall, at plaintiff's option, be commenced in the county and precinct in which the defendant, or one or more of several defendants, resides. Subdivision 4 of the article is the only part thereof which could possibly apply to this action. It provides: "Suits upon a contract in writing promising performance at any particular place, may be brought in the county and precinct in which such contract was to be performed, provided that in all suits to recover for labor actually performed, suit may be brought and maintained where such labor is performed, whether the contract for same be oral or in writing."

■ It has been held in numerous cases that an action for the recovery of commissions brought by a real estate broker is not "labor actually performed" within the meaning of this statute. Douglass v. Bennett (Tex. Civ. App.) 250 S. W. 237; Felton v. Johnson, 112 Tex. 412, 247 S. W. 837.

The testimony of Chapman fails to show in which county his contract, if in writing, was performable, or was performed.

■ The principal· trouble with the record is that no cause of action has been shown, as required by the rules. The statutes relating to pleadings by the parties in the justice court are liberally construed, but, in the absence of written pleadings, the substance of the oral pleadings must be briefly entered upon the docket. The Supreme Court, in Moore v. Jordan, 67 Tex. 394, 3 S. W. 317, 318, said: "We do not doubt that pleadings are as essential to make an issue in the justice's court as in a court of record. The statutes provide, however, that they should be oral (with certain.exceptions), and that a brief statement thereof shall be noted· on the docket. * * * It is also declared that they may be amended in accordance with the rules governing amendments of pleadings in the district and county courts so far as the same are applicable. * * * These citations are sufficient to show that pleadings in the justice's court are made essential to the formation of the issues to be tried, and that they are not to be dispensed with."

In Maass, Ex'x, v. Solingsky, 67· Tex. 290, 3 S. W. 289, Judge Stayton said:

"This cause originated in a justice's court, and on appeal was tried in the· district court, but from the transcript before us we are unable to ascertain what the cause of action asserted was. The transcript consists of the caption, statement of facts, judgment, appeal-bond, and assignments of error. The pleadings in a cause in justice's court may be oral, except when otherwise required by statute, but the law requires that 'a brief statement thereof shall be noted on the docket.' * * *

"It is from the transcript and papers thus sent up that the county or district court ascertains what the cause of action presented and tried in the justice's court was, and of this·it must be informed; for on appeal it can pass on no case other than the one tried in the justice's court. The cause of action asserted in the justice's court is the only one that can be asserted in the district court on appeal. When an appeal is taken from any judgment of a district court to this court, it must be informed as to what the cause of action was, either through the pleadings made a part of the transcript, or by an agreed case made as the statute permits. In a case originating in a justice's court, this must be shown to this court by the entries made on the justice's docket, by pleadings filed in the case, if any, or by an agreed case; and, if it does not appear what the cause of action was, through a transcript which shows it in some of these methods, this court cannot revise the action of the district court; for unless it knows what was tried, it cannot know whether there was error or not.

"The statement of facts, as presented, is almost unintelligible, but we might infer from it that one of three causes of action was tried in the district court. We are not called upon or authorized to draw inferences of this kind, and to adjudicate cases upon them. The presumption is that the judgment of the district court is correct, and, in the absence of a transcript showing to the contrary, its judgment will be affirmed."

While what has just been quoted applies to the facts of the instant case, it is our opinion that the judgment of the county court should not be affirmed because the plaintiff in the justice court and in the county court failed to state a cause of action, and appellant should not suffer on account of appellee's dereliction. In the Maass-Solingsky Case there was a trial upon the merits. In the instant case both appeals were from orders overruling the plea of privilege. This is one reason why the judgment should be reversed and the cause remanded. There being no written pleadings, and the record failing to show that any oral pleadings were made by plaintiff in either case, there is an entire absence of issues as to the merits of the controversy between the parties to be tried. The transcript fails to show any answer filed by the defendant going to the merits. There is therefore no case to transfer. Kohn v. Zaludek (Tex. C'v. App.) 38 S.W.(2d) 110; Atnip v. Hinkle (Tex. Civ. App.) 258 S. W. 860; Young Men's C. A. v. Schow Bros. (Tex. Civ. App.) 161 S. W. 931.

It is not clear from the record whether the effort by Welsh to have the venue of the case against him changed to the county and precinct of his residence was based upon Revised Statutes, article 2390, relating to venue in justice courts, or upon some subdivision of Revised Statutes, article 1995 (as amended [Vernon's Ann. Civ. St. art. 1995]), relating to venue in district and county courts. Upon another trial, if the pleadings and facts show a case coming within the provisions of article 2390, that article will control; otherwise the general venue statute, Revised Statutes, article 1995, will control. Fears v. Fish (Tex. Civ. App.) 218 S. W. 507; Hume v. Devenport (Tex. Civ. App.) 52 S.W.(2d) 539.

Attention is called to the rule which permits the introduction of evidence in the county court to show what the issues and pleadings really were in the justice court, even in the absence of any notation upon the justice's docket. Garcia v. Rendon (Tex. Civ. App.) 59 S.W.(2d) 881.

■ Welsh demurred to Chapman's controverting affidavit. The demurrer was overruled. The affidavit is clearly insufficient as against the demurrer, and this constitutes reversible error. The affidavit states no facts showing the right to maintain the suit in Gray county. The only allegation contained therein relative to this phase of the case is as follows: "This Court has jurisdiction of the cause under R. S., article 1995, section 4, to-wit: that this is a suit against two defendants, residing in different counties, to-wit: against M. B. Welsh who resides in Carson County and A. B. Keahey who resides in Gray County, and that this Court has jurisdiction to try said cause under section 4 of article 1995 of the Revised Statutes, which is as follows," etc.

In Henderson Grain Co. v. Russ, 122 Tex. 620, 64 S.W.(2d) 347, 351, Judge Critz said: "We think a reading of the above affidavit discloses that it nowhere makes the petition a part of the affidavit. Under our statute an affidavit controverting a plea of privilege is a sworn pleading. Since this affidavit fails to make the petition a part of the same, it must be tested by its own allegations unaided by the petition. Spencer v. Temple Trust Co. (Tex. Civ. App.) 36 S.W.(2d) 602, 603; Spencer v. Presbyterian Board (Tex. Civ. App.) 36 S.W.(2d) 606, 607. When we come to examine the affidavit alone, it is obvious that it utterly fails to allege a cause of action against appellants or any of them in Carson county. Article 2007, R. C. S.; Duffy v. Cole Petroleum Co. et al., 117 Tex. 387, 5 S.W.(2d) 495. In fact, taken alone, the affidavit fails to allege a cause of action against any of these appellants in any county. It is true that the affidavit states that reference is made to the petition, but we do not think that this statement is sufficient for any court to say that the party who swore to it made the petition a part thereof and thereby swore to the entire petition."

■ As stated, there was no written petition, and, so far as the record shows, not even an account filed by the plaintiff. Therefore it became necessary for the plaintiff in the justice court to set out in his controverting affidavit specifically his cause of action. This was not done. The court overruled the general demurrer to it, and the rule is that, when a party's pleadings are insufficient and the court overrules a demurrer or exceptions thereto and, relying upon the correctness of the court's ruling, the party proceeds to trial, then, in the event the appellate court decides that the pleading was insufficient and that the court erred in overruling the demurrer or exceptions to it, exact justice requires that the judgment be reversed and the cause remanded to permit the amend-

ment of the defective plea. Sparks et al. v. West (Tex. Civ. App.) 41 S.W.(2d) 301. The amendment can be properly made in the county court. Miller v. Fram (Tex. Civ. App.) 2 S.W.(2d) 1008.

The judgment will therefore be reversed, and the cause remanded in order to permit the parties to replead, if they desire to do so, and introduce evidence upon the issues raised by the plea of privilege and the controverting affidavit.

Reversed and remanded.