## PANTHER OIL & GREASE MFG. CO. v. WORSHAM.

### No. 4848.

Court of Civil Appeals of Texas. Amarillo.

Jan. 31, 1938.

Rehearing Denied Feb. 28, 1938.

G. V. Pardue, of Lubbock, and W. A. Hawkins and R. C. Carson, both of Fort Worth, for appellant.

Wm. H. Evans, of Lubbock, for appellee.

FOLLEY, Justice.

This suit was originally filed in the justice court of precinct 1 of Lubbock county, Tex., by Fred R. Worsham, appellee, against the appellant, the Panther Oil & Grease Manufacturing Company, a corporation of Tarrant county, in the sum of $195, for damages alleged to have been received by the appellee in connection with the sale of certain oil to him by the appellant. The appellee sought recovery because of alleged fraud of the appellant and its agent charged to have been committed in Lubbock county, Tex. The appellee asserted that appellant's agents represented to him that said oil was of standard quality and would efficiently operate in the tractor and automobile of the appellee; that the appellee relied upon such representation; that said oil was defective; and that the representations of the appellant's agent were false and fraudulent. The appellee alleged he used said oil to his damages in the above-named sum.

The appellant filed its plea of privilege to be sued in Tarrant county, Tex., to which plea the appellee filed his controverting affidavit. The justice court, after hearing the evidence, overruled the plea of privilege and rendered judgment for the appellee in the sum of $168.30. The cause was duly appealed to the county court of Lubbock county, where the same was tried de novo. The county court, after overruling appellant's plea of privilege, rendered judgment for the appellee in the sum of $130 in a trial upon the merits. From the decree overruling the plea of privilege and the judgment on the merits, the appellant has perfected an appeal to this court.

■ ■ The appellant first assigns as error the action of the court in overruling its plea of privilege. The plea of privilege of the appellant failed to show the precinct in Tarrant county, Tex., in which it resides. In the case of Pevehouse et al. v. Morton et al., Tex.Civ.App., 63 S.W.2d

904, 905, in which numerous authorities are cited, we find the following language: "The authorities are in substantial accord in holding that a plea of privilege in a justice court must not only allege in what county the defendant resides, but also in what justice precinct thereof he has his residence."

The plea of privilege was therefore insufficient under numerous authorities, among which are Hume v. Devenport, Tex.Civ.App., 52 S.W.2d 539; Leventhal v. Hollamon et al., Tex.Civ.App., 165 S.W. 6, and Patterson Produce Co. v. Tombs, Tex.Civ.App., 14 S.W.2d 959. Furthermore, it is our opinion that the appellee, by his controverting affidavit and by the testimony, established his right to retain venue in Lubbock county, Tex., under subdivision 10 of article 2390, R.C.S. The testimony was, at least, sufficient to authorize the court to overrule the plea, since the appellant offered no testimony. We therefore overrule this assignment.

██ ██ The next assignment of the appellant is that the court erred in rendering judgment for the appellee for the reason that the appellee, by his own testimony, established the fact that he was guilty of contributory negligence. The basis for such contention is that the appellee testified he used the oil after he had learned that it was defective. The appellee qualified this statement by saying that he was trying to give the oil a fair trial. We do not think this testimony would necessarily convict the appellee of contributory negligence. The appellee did not testify that he used the oil after he learned it was injuring his machinery. Such an admission might have subjected him to the charge of contributory negligence. His testimony was only that he used the oil after he learned it was defective in quality and not up to the standard as represented. The court, in rendering his judgment, must necessarily have been of the opinion that no contributory negligence was shown. The testimony was, at least, subject to such interpretation, and we must presume the court found facts necessary to support his judgment.

██ We think all the other assignments of error urged by the appellant must be overruled for the reason that the record does not show that appellant filed any written pleadings in either court below, other than the plea of privilege, and if the appellant pleaded orally, no notation was made of such pleadings upon the docket as is required by article 2388, R.C. S. Penrod et al. v. Von Wolff, Tex.Civ. App., 90 S.W.2d 859, and authorities therein cited. Irrespective of this rule, we have examined the other assignments, and we are of the opinion they are without merit.

Finding no reversible error in the record, the judgment of the trial court is affirmed.